## Fox *et al. versus* Thompson.

As against a recent intruder without title, the existence of an intermediate link. in the plaintiff's paper title will· be presumed; especially, where there has been a long and unquestioned assertion of title, and exercise of acts of ownership.

ERROR to the Common Pleas of *Tioga county*.

This was an ejectment by Samuel M. Fox and George Fox, administrators *de bonis non, cum testamento annexo*, of Samuel M. Fox, ·deceased, against Jeremiah Thompson, for a tract of land in the township of Gaines, containing 1002· acres, surveyed in pursuance of a warrant to Wilhelm Willink and others.

Wilhelm Willink, Hendrick Vollenhoven, Rutger Jan Shimmelpenninck and others, in the year 1792, contracted with James Wilson for the purchase of 700,000 acres of land, in Pennsylvania; to be selected by said Willink and others, out of one million of acres, the warrants for which to be taken out by said Wilson. Willink and others were to advance the purchase-money for the same, and the remainder of the one million of acres was to be considered as mortgaged to said Willink and others, for the repayment with interest of so much of the money as should be advanced, exceeding the price of the quantity purchased under. the contract.

· In the year 1793, Wilson sold to Willink and others, 499,000 acres of other land, upon the necessary payment being made by Willink and others, to take out the warrants and procure the land to be surveyed and patented; and stipulated, that 303 warrants, . under the first-mentioned contract, should be a security to Willink and others, for the performance of the last-mentioned contract on the part of Wilson.   The money was advanced on the part of Willink and others as agreed upon; but Wilson did not repay them the money, with the interest, advanced upon the lands retained by ' himself.

·In the year 1803, a suit was brought by Willink and others against the administrators of Wilson, to recover the money so advanced by them to him.   They obtained a judgment for $46,578, issued an execution and levied upon all the lands belonging to Wilson under the first-named contract, which were sold by the Marshal of the Eastern District of Pennsylvania to Paul Busti; who, at the time, was acting as the agent of Willink and others, in relation to their lands in Pennsylvania.

Previous to this time, Wilson had sold a portion of these lands; . and had also mortgaged them to Samuel M. Fox, subject, however, to the claims of Willink and others.

[Fox *et al. v.* Thompson.]

After the purchase of the lands, at marshal's sale to Busti, in trust for Willink and others, a portion of them were sold to persons who had been previously interested therein, at forty cents per acre; and the amount of the indebtedness was paid in this manner—leaving in the hands of Willink and others, or their agent, Busti, 130 tracts of land, which they agreed to convey to the persons who had previously been interested therein. But, as they were ignorant in regard to the shares and proportions to which these several persons were entitled, they filed a bill of interpleader to determine the same, in the Circuit Court of the United States; upon which bill it was decreed that Willink and others should convey a portion of land to the heirs of Jesse Waln, and a portion to the devisees of Samuel M. Fox and John Adlum.

Busti, in pursuance of this decree, and as the agent of Willink and others, conveyed these lands accordingly. Subsequently, deeds of partition were made by the different parties interested under the conveyance last named; and warrant No. 2299, in controversy in this suit, with other tracts, were transferred to the devisees of Samuel M. Fox.

From the time of this partition, more than forty years since, to the present time, the representatives of Samuel M. Fox paid the taxes on this tract; and no person during that time claimed it under the warrant. A short time previous to the bringing of this suit, Jeremiah Thompson, the defendant, went upon the land, cleared a few acres, and erected a small house thereon.

On the trial, the plaintiffs offered in evidence, as a link in their chain of title, a deed dated the 25th day of February 1812, between Paul Busti, of the county of Philadelphia, of the first part, and Robert Waln, D. Lewis, Francis B. Wharton, Hannah Wharton, T. L. Wharton, J. W. Wharton, and Rebecca L. Wharton, heirs of I. Wharton, Thomas Bulkley and Sarah his wife, late Sarah Waln, J. Waln, Edward Tilghman, Jr., and Rebecca his wife, late Rebecca Waln, Samuel B. Rawle and Anne his wife, late Anne Waln, Rebecca Wharton, Susan L. Wharton, heirs of Jesse Wharton, of the second part; and John Adlum and George Fox, Joseph P. Norris, Robert Ralston, and Jonathan Smith, executors and devisees of Samuel M. Fox, of the third part.

This deed contained the following recitals:—

" Whereas a bill of interpleader was filed in the Circuit Court of the United States, in the Pennsylvania District of the third circuit, to April Sessions, 1805, wherein Wilhelm Willink, Hendrick Vollenhoven, and Rutger Jan Schimmelpenninck, who survived Nicholas Van Staphorst, Pieter Stadniski, and Christian Van Eghan, aliens, and Herman LeRoy, and William Bayard, citizens of New York, were complainants, and Jesse Waln in his

lifetime, Robert Waln, Isaac Wharton in his lifetime, David Lewis, Samuel M. Fox in his lifetime, John Adlum, were defendants, for the purpose of ascertaining to whom and in what proportion the title, estate, and interest of, in, the following 145 tracts of land (giving the number of each, and among them warrant No. 2299), and unsatisfied warrants, situate in the state of Pennsylvania, and conveyed to the said Paul Busti by John Smith, marshal of the United States for the District of Pennsylvania, by deed poll bearing date the 23d day of May 1805; and all the lands, tenements, and premises surveyed in pursuance of said warrants, with the appurtenances, which said unsatisfied warrants and premises were then held by the said complainants, or their agent, in trust for whom the same of right belonged. And whereas, the said defendants answered and interpleaded in the said court for the purpose aforesaid, and such proceedings were had in the said cause, that on the 31st day of October 1807, the said cause came on to be heard, and upon interpleader between said defendants, at which hearing the rights and claims of the said defendants being duly made to appear, and being duly considered by the court, it was on the day and year last mentioned ordered, and adjudged, and decreed by the said court that a conveyance be made in favour of Robert Waln and others, agreeably to their claims; and in favour of Samuel M. Fox and John Adlum, for the residue of said lands. And whereas, the said Paul Busti now holds as agent of the said complainants, and is seised of and in the legal title to all the aforesaid lands and tenements, hereditaments, and premises, in pursuance of a deed poll executed by the marshal of the Pennsylvania District, bearing date the 23d day of May 1805, conveying the same to him, his heirs and assigns, &c."

The defendants' counsel objected to the admission of this deed in evidence. The court sustained the objection, and sealed a bill of exceptions; and this was here assigned for error.

*Williston* and *Wilson,* for plaintiffs in error.

*Sherwood,* for the defendant in error.

The opinion of the court was delivered by

WOODWARD, J.—The presumption on which an intermediate link in a chain of title will be supplied, after a long and unquestioned assertion of title and exercise of acts of ownership, was fully stated and vindicated in Taylor *v.* Dougherty, 1 *W. & S.* 326, and Hastings *v.* Wagner, 7 *W. & S.* 216. These cases decide the question here. The rejected deed was unquestionably competent against an intruder of recent date. Although not made by Paul Busti in strict accordance with the terms of his

[Fox *et al. v.* Thompson.]

letter of attorney, and although the marshal's deed necessary to vest title in himself was wanting, yet after more than forty years' acquiescence by all parties in interest, and payment of taxes according to the present state of the title, we will presume, as against a stranger and intruder, both the ratification of his conveyance by his principals, and a conveyance to him of the legal title in pursuance of the marshal's sale. His deed recites the decree of the Circuit Court of the United States and the marshal's sale, and as none of his constituents or *cestuis que trust,* or any person claiming under them, question the regularity of his conveyance, it was not for this defendant to question it. The devisees of Samuel M. Fox were entitled to have the interest which was conveyed to them by Busti's deed, and the conveyance after such a lapse of time is to be presumed regular.

But it is objected, that we have no right to treat the defendant as an intruder without title or color of title. If he has title, he should have permitted the *primâ facie* case, presented by the plaintiffs, to have been received by the court, and then shown his own right. The question raised upon the plaintiff's title could have been contested with better advantage, after showing his own, if he had any to show, than upon the competency of the evidence. As the case stood, when the deed of Busti and the record of the Circuit Court were offered, the court were bound to presume that the defendant was in without right from those under whom the plaintiffs claimed, and should accordingly have admitted the evidence and put the defendant to the showing of his hand.

The judgment is reversed and a *venire facias de novo* awarded.