. A. L. BONAFFON v. EMANUEL PETERS ET AL.

APPEAL BY DEFENDANTS FROM THE COURT OF COMMON PLEAS
NO. 1 OF PHILADELPHIA COUNTY.

Argued March 26, 1890—Decided April 7, 1890.
[To be reported.]

1. As a recovery in ejectment must rest on the strength of the plaintiff's
title, if he has failed to show title out of the commonwealth, or that both
parties claim under a common source of title, or that the defendant en-
tered as the plaintiff's tenant, or that the plaintiff or any of his ancestors
or predecessors in the line of his paper title was ever seised or possessed
of the land, the court should direct a verdict for the defendant.
2. A deed from one who is not shown to have had either right, title, or
interest in the land, or possession thereof, is not admissible in evidence
to show title in the grantee, although it has been duly recorded in ac-
cordance with the act of May 28, 1715, 1 Sm. L. 95, by § 5 of which it
is provided that deeds so recorded shall have the same effect for the giv-
ing of possession and seisin, etc., as deeds of feoffment with livery of
seisin.

Before PAXSON, C. J., GREEN, CLARK, McCOLLUM and
MITCHELL, JJ.

No. 133 July Term 1889, Sup. Ct.; court below, No. 287
September Term 1882, C. P. No. 1.

To the number and term in the court below, A. L. Bonaffon
brought ejectment against Emanuel Peters and Emanuel K.
Peters for three parcels of land in the city of Philadelphia.
The defendants pleaded not guilty.

At the trial, the plaintiff put in evidence the writ of eject-
ment and the return thereto, to show possession by the de-
fendants. The return stated that the writ was served upon
Emanuel Peters, "he being the owner of the within described
premises," and also upon Emanuel K. Peters, "he being the
occupant of the within described premises." After putting in
evidence a deed for the premises in dispute from J. Worth and
wife to himself, dated October 23, 1879, duly recorded on June
8, 1881, and a deed from Oliver Whitaker to J. Worth, dated
January 22, 1870, recorded the same day, the plaintiff offered

Arguments.

a deed from Samuel J. Auge to Oliver Whitaker, dated September 4, 1869, recorded the same day. The defendants having objected to the latter offer for the reason that the deed was not properly stamped, the plaintiff withdrew it, and rested.

Thereupon, the defendants offering no testimony, the court directed the jury to find a verdict for the plaintiff, "subject to the opinion of the court upon the question whether there is any evidence to go to the jury of the plaintiff's right to the possession of or title to the premises described in the writ." The jury rendered a verdict as directed. Subsequently the court, without opinion filed, entered judgment on the verdict for the plaintiff, whereupon the defendants took this appeal, assigning for error:

1. The instruction to find a verdict for the plaintiff.

2. The entry of judgment for the plaintiff upon the question of law reserved.

*Mr. William Hopple, Jr.*, for the appellants : ·

The writ of ejectment, with the sheriff's return, offered by the plaintiff, showed that the defendants were in possession, and were the owner and the occupant of the premises. Their possession was presumably rightful, and was sufficient to protect them against all who could not or did not show a better title. In ejectment, the plaintiff must recover on the strength of his own title : Walker v. Coulter, Add. 390 ; Lane v. Reynard, 2 S. & R. 65; Covert v. Irwin, 3 S. & R. 288. There was no evidence of title out of the commonwealth, of a claim by both parties under a common source of title, that the defendants entered as the plaintiff's tenant or were intruders, or that the plaintiff or any of his ancestors or predecessors ever had possession of the land. There was nothing in support of the title claimed by the plaintiff but two naked deeds, made by persons not shown to have had any interest in the land. Such a deed is inadmissible : Schrack v. Zubler, 34 Pa. 38. When there has been less than thirty years' continuous possession, title out of the commonwealth must be shown : Sherwood v. Sumne, 5 W. N. 357. The plaintiff was not entitled to a verdict, and judgment should not have been entered in his favor.

*Mr. Ormond Rambo* (with him *Mr. George Junkin*), for the appellee :

1. There is nothing of record to authorize a judgment for the defendants, the reservations not stating the facts out of which the point reserved arose. If judgment had been entered, non obstante veredicto, this court would not only reverse, but would enter judgment for the plaintiff : Wilson v. Tuscarora, 25 Pa. 319 ; Ferguson v. Wright, 61 Pa. 262 ; Buckley v. Duff, 111 Pa. 223 ; Fayette City Bor. v. Huggins, 112 Pa. 1 ; Henry v. Heilman, 114 Pa. 499 ; Watsontown Car Mfg. Co. v. Lumber Co., 99 Pa. 610. But the plaintiff was entitled to a verdict. If a mere spark of title be shown in the grantor, a deed is admissible : Hoak v. Long, 10 S. & R. 9 ; Zeigler v. Hautz, 8 W. 380 ; Goundie v. Water Co., 7 Pa. 237 ; Meals v. Brandon, 16 Pa. 220 ; Muhlenberg v. Dreckenmiller, 103 Pa. 633. It is unnecessary to show possession, as every owner is in possession until some one actually enters on him under adverse claim ; and an entry is not necessary to enable a person who has title to recover : Carlisle v. Stitler, 1 P. & W. 6 ; Lykens v. Whelan, 15 Pa. 483. On showing a claim by color of title, the plaintiff may recover against a defendant in possession, without color of title other than possession.

2. The deed to the plaintiff, and that to his grantor, having been recorded, they have the same effect as a feoffment with livery of seisin : Act of May 28, 1715, 1 Sm. L. 95. Livery is the delivery of possession. Seisin is possession with intent to claim a freehold interest : Bouv. Law Dict., verb. seisin ; 1 Washb. on Real Prop., 35. Livery of seisin is the delivery of corporeal possession of the land or tenement. A deed of feoffment is the transfer of any corporeal hereditament, perfected by livery of seisin ; the conveyance of an estate in fee : 2 Bl. Com., 311. Therefore, these deeds are prima facie evidence of a title in fee and a right of possession. So far as the testimony shows, the defendants are mere intruders, and against such it is not necessary to show title out of the commonwealth, a mere right of entry or possession being sufficient : Lair v. Hunsicker, 28 Pa. 115. Nor is this necessary against any other than the proprietor or his tenant : Allen v. Lyons, 2 Wash. C. C. 475 ; Hylton v. Brown, 1 Wash. C. C. 204. No adverse title being shown, the plaintiff may recover without showing pos-

session or right of entry in his grantor within twenty years : Wilkes v. Elliott, 5 Cranch C. C. 611. Title and seisin are always considered as united, till the contrary is shown : Doe v. Butler, 3 Wend. 149. The sheriff's return was evidence of defendants' possession only.

OPINION, MR. CHIEF JUSTICE PAXSON :

This was an action of ejectment. The court below directed a verdict for the plaintiff, " subject to the opinion of the court upon the question whether there is any evidence to go to the jury of the plaintiff's right to the possession of or title to the premises described in the writ." The court entered judgment on the verdict. The instruction to find for the plaintiff is assigned for error.

The plaintiff's evidence was this : (*a*) Deed from Worth et ux. to A. L. Bonaffon, (plaintiff,) dated October 23, 1879, duly recorded ; and (*b*) deed from Oliver Whitaker to J. Worth, dated January 22, 1870, recorded, etc. This, with the writ of ejectment and the return thereto, was the only evidence submitted on the part of the plaintiff. The defendants offered no evidence. It is plain, from this statement of facts, the jury should have been instructed to find for the defendants.

No title was proved either in the plaintiff or his grantors. For anything that appears, the deeds referred to might have been made by persons who had not even color of title ; they might have been strangers to it. The rule in ejectment that the plaintiff must recover upon the strength of his own title is too well settled to require the citation of authority. There was nothing to show that the defendants were unlawfully in possession, and mere intruders. There was no offer to show title out of the commonwealth, or that both parties claimed under the same title or from a common source, or that defendants entered as tenants of the plaintiff, or that the plaintiff or any of his ancestors or predecessors in the line of his paper title had ever been seised or in the possession of the property in controversy. A deed from one who is not shown to have either right, title, interest, or possession of land is of no value, and is not admissible in evidence : Schrack v. Zubler, 34 Pa. 38.

The judgment is reversed, and judgment for the defendants below non obstante veredicto.