Faux, Appellant, *v.* Cooke.

Argued October 6, 1932. Before Trexler, P. J., Keller, Gawthrop, Cunningham, Baldrige, Stadtfeld and Parker, JJ.

*Raymond A. White,* and with him *Stanley B. Rice* and *Maurice W. Sloan,* of *Sloan, White and Sloan,* for appellant. After a great lapse of time and an unchallenged title the courts will presume whatever grant may be necessary to quiet the title. Dougherty v. Welshans, 233 Pa. 121; Fox v. Thompson, 31 Pa. 172; Armstrong County v. McElheny, 273 Pa. 208.

*Thomas Raeburn White,* and with him *Albert B. Maris,* of *White, Schnader, Maris & Clapp,* for appellee. In an action of ejectment the plaintiff must recover on the strength of his own title. Crist v. Boust, 26 Pa. Superior Ct. 543; Adams v. Johnson, 227 Pa. 454; James v. Bream, 263 Pa. 305.

OPINION BY BALDRIGE, J., December 16, 1932:

This action in ejectment involves the title to a small, irregular piece of land. The controversy is over the location of a division line between the lands of these adjoining owners.

The plaintiff made no claim in his declaration that he or his predecessors in title were ever in possession of the land in controversy; nor did he offer to prove possession at the trial, but relied on his paper title as set forth in his abstract of title. His abstract showed a series of conveyances commencing with the deed from Jacob Gorgas and wife to Jacob Hortter, dated September 1, 1801, and terminating with the deed from Emma W. Page, Executrix et al. to the plaintiff, dated August 9, 1922.

The defendant averred in her answer that neither the plaintiff nor his predecessors had been in possession of or had title to this land, but that she and her predecessors in title had been in actual, visible, exclusive and adverse possession for more than 150 years, and set up a paper title running back uninterruptedly to the Commonwealth.

The trial judge, after directing a verdict for the defendant, as the plaintiff did not prove title out of the Commonwealth or from a common owner, stated that if the plaintiff should perfect his chain of title, a new trial would be granted. Thereafter, plaintiff filed a motion for a new trial and accompanied it with an amended abstract of title, which set forth two additions to the original abstract. The first was a series of conveyances from the Commonwealth, ending with a deed from Barned Gates and wife to Barnet Shewcart, dated March 18, 1786; but the deed from Shewcart to Jacob Gorgas, from whom the plaintiff alleges he derived his title in the original abstract, is missing. The second was a note referring to a deed, included in the defendant's abstract, dated April 2, 1804, from Frederick Smith and wife to George Berger. In describing the premises therein conveyed, a reference was made to Jacob Hortter as an adjoiner. The court below held the amended abstract insufficient and refused a motion for a new trial; this appeal followed.

It requires no authorities to support the well settled rule that in an action of ejectment the plaintiff must recover on the strength of his own title. As possession was not averred or proven, the plaintiff's right to recover rested solely on his paper title. The deed from Gorgas to Hortter did not establish title to the land in the plaintiff as it was not shown that Gorgas had previously acquired any legal right thereto. As was said in Crist v. Boust, 26 Pa. Superior Ct. 543, 545, "His title is suspended in the air." It may have been acquired from entire strangers who had no color of title. Without further proof, the deed was of no value: Bonaffon v. Peters, 134 Pa. 180, 19 A. 499. Nor did a presumption of good title exist under his abstract, as contended by the appellant, as there was no proof of possession of the land, which was an imperative requirement if the appellant relied on a pre-

sumptive title: Kingston v. Lesley, 10 S. & R. 383. The appellant tried to meet the burden by referring in his written argument to a prior rule taken by the defendant against him in 1925 to bring an action of ejectment, which the court discharged. This proceeding, however, was not pleaded or proven and, therefore, is not before us. If this record had been offered in evidence it would not have been helpful. It determined only that the plaintiff at that time was not in possession of the land in dispute; it did not establish the appellant's possession.

In Dougherty v. Welshans, 233 Pa. 121, 81 A. 997, cited by appellant, the plaintiff had paid the taxes for a period of at least 40 years and had exercised dominion over the land for 50 years. In Fox v. Thompson, 31 Pa. 172, it was held that the existence of an intermediate link in an abstract of title will be presumed against an intruder without a title, where there has been a long assertion of title, if accompanied by acts of ownership. See also Townsend v. Boyd, 217 Pa. 386, 66 A. 1099; Armstrong County v. McElheny, 273 Pa. 208, 116 A. 812. We find no authority, and none has been cited, to support the appellant's contention that presumptive title may be successfully invoked to amend the defective paper title, unless the alleged owner for a period of years has exercised dominion over the land unchallenged by a counterclaim. It was incumbent on the plaintiff, in view of the missing link in his title, to prove clearly the facts and circumstances from which the existence of the lost deed might be reasonably inferred, or, as already stated, possession; he did neither.

In the deed from Smith to Berger in 1804, the reference to Jacob Hortter as one of the adjoining owners is not a sufficient circumstance from which an existence of a conveyance from Shewcart to Gorgas might be inferred. The statement in the deed was made in con-

nection with the description of the premises conveyed, which was not this land, and it cannot be said that Smith, the grantor, made a claim thereto. An additional and a stronger reason is, that it does not clearly appear, and it may not be reasonably assumed, that the adjoining land of Hortter, mentioned in the deed, included the strip now in dispute. Hortter presumably owned the adjoining lands, but, according to the plaintiff's abstract of title, his lands were along the fence, which the defendant contends is the true dividing line. There is nothing inconsistent with defendant's contention and the call in the deed. In truth, the reference in the deed throws no light whatever upon the correct location of this line, which is the main matter of dispute.

The plaintiff having failed to prove a legal title to this land in controversy, the learned court below was right in directing a verdict for defendant and refusing a new trial.

Judgment affirmed.