JOHN DOE, on the demise of Harry Gilpin, *v.* RICHARD ROE, Casual Ejector, and Thomas Harrington, Tenant in Possession.

*(March* 3, 1936.)

HARRINGTON, J., sitting.

*James M. Tunnell* and *Charles L. Terry, Jr.,* for plaintiff.

*James H. Hughes* for defendant.

Superior Court for Kent County, Action of Ejectment, No. 49, October Term, 1935.

HARRINGTON, J.:

The objection of the defendant's attorney to the admission of the deed record offered is overruled.

*Section* 16 of *Chapter* 197, *Volume* 30, *Laws of Delaware* makes the lands of a married woman her sole and

separate property, and authorizes her to convey such property, though her husband is not a party to the deed. That *section* does provide that acknowledgments of a married woman to all instruments of writing relating to her real estate shall be taken as provided in *Chapter* 92 of the *Code* of 1915, which *chapter* includes *Section* 3200; but the same *chapter,* also, includes other general provisions relating to the acknowledgment of deeds and before whom they shall be taken. This is particularly true of *Section* 3199.

As the husband of Mrs. Harrington was not a party to her deed, there was no reason for the certificate of the Notary to show that her acknowledgment was taken separate and apart from him, and *Section* 3200, therefore, has no application to this case.

The plaintiff's attorneys then closed their case, but, on being asked by the court whether they had made out a *prima facie* case by the mere proof of the execution and delivery of a deed conveying the title of Mrs. Harrington to Gilpin, without any proof, whatever, of possession either by Mrs. Harrington or by any other prior owner,[1] they then asked permission to produce other evidence. This permission was granted, and they proved the legal title of the real plaintiff by introducing deed records as far back as 1874.

The defendant's attorney then admitted that Mrs. Harrington, the grantor of the real plaintiff in the action,

---

[1] Whether such proof of possession was essential to the plaintiff's case, see 19 *C. J.* 1055, 1156; *Hoak v. Long,* 10 *Serg. & R.* (*Pa.*) 9; *Muhlenberg v. Druckenmiller,* 103 *Pa.* 631; *Bonaffon v. Peters,* 134 *Pa.* 180, 19 *A.* 499; *New York, etc., R. Co. v. Moore,* 137 *App. Div.* 461, 121 *N. Y. S.* 884 and cases cited in *Doe ex dem. Wedderburn v. Roe and Burbage,* 5 *W. W. Harr.* (35 *Del.*) 229, 162 *A.* 515; but see *Doe ex dem. Bright v. Stephens,* 1 *Houst.* 31; *Doe ex dem. Bright v. Stevens,* 1 *Houst.* 240.

had taken possession of the property in dispute under the deed to her of Walker L. Mifflin, *et al.,* dated November 15th, 1919.

The defendant's attorney produced no evidence, whatever, and judgment was, therefore, entered for the plaintiff.