Hershey et ux., Appellants, *v.* Poorbaugh.

Argued April 16, 1941.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, RHODES, HIRT and KENWORTHEY, JJ.

*Archibald M. Matthews,* with him *Joseph Levy,* for appellants.

*Clarence L. Shaver,* of *Shaver & Heckman,* with him *Uhl, Ealy & Uhl,* for appellee.

484

The plaintiffs and defendant in this ejectment suit are the owners of adjoining lots fronting on the north side of West Union Street in the Borough of Somerset. The strip of ground in dispute is 3 feet wide by 105 feet deep located on the eastern side of plaintiffs' lot. The defendant claims title thereto by adverse possession. The parties agreed to submit the issues involved to a judge without a jury. A trial was had and the judge filed an opinion in which he held that the plaintiffs had proven a paper title, but "failed to establish legal title to and right of possession of" the land in controversy and entered judgment for the defendant.

This appeal by the plaintiffs raises the legal question whether the defendant established title by adverse possession. There is no substantial controversy over the material facts which may be stated as follows.

The common source of title was in Peter Heffley who owned an entire block consisting of four 66 foot lots with a total frontage of 264 feet on the north side of West Union Street, bounded on the north by West North Street, on the east by Water Alley or Park Avenue, and on the west by North Rosina Street. Wilson H. Trent on March 29, 1893, became the owner of the western 132 feet of this tract and in 1900 the eastern 132 feet thereof became vested in Charles W. Staniford.

This action had its origin in a deed by Staniford and wife to John A. Lambert (defendant's predecessor in title) dated April 20, 1901, duly recorded, which purported to grant Lambert 3 feet of ground lying to the west and beyond Staniford's 132 foot strip. The deed contained the following description: "All that certain lot, piece or parcel of land and premises situate, lying and being in the Borough of Somerset, County of Somerset, and State of Pennsylvania, commencing at a point on north side of Union Street, said point being 88 feet west of the westerly line of a public alley lying between

West Street and Rosina Street, and running thence
northerly and parallel with the line of said public alley
125 feet to an alley; thence westerly and at right angles
to the first mentioned line along the southerly line of
the above mentioned alley *47 feet, more or less,* to lands
of Wilson Trent; thence southerly along the lands of
said Wilson Trent 125 feet to the northerly line of
Union Street aforesaid, and thence easterly along the
northerly side of Union Street *47 feet more or less* to
the point and place of beginning." (Italics supplied).

Lambert built a house in 1902 or 1903 on this lot
very near to the western edge of the 44 feet to which his
grantor, Staniford, had title, and laid a "dry walk"
used for the delivery of coal, etc. to his home, which
encroached 3 feet on the Trent property. On March
17, 1914, Trent deeded the eastern 66 feet of his 132 feet
to James B. Holderbaum. This deed named as the
eastern boundary "a post on the division line between
said premises and lot of John A. Lambert." That prop-
erty line seemed to have been marked on the ground
and was recognized throughout all the conveyances.

By deed dated May 20, 1922, but not recorded until
April 14, 1923, Holderbaum conveyed to J. Roy Adams
the western 50 feet of his 66 feet acquired from Trent.
Holderbaum by deed dated May 22, 1922, and recorded
May 26, 1922, granted to Lambert (defendant's prede-
cessor) the remaining or eastern 16 feet of his 66 foot
lot. This deed gave as the eastern boundary "a point
on the division line between said premises and the lot
of the said John A. Lambert." By various mesne con-
veyances the title of Adams became vested in W. O.
Hershey and Rebecca A. Hershey, the plaintiffs and
appellants in this action, and by various intermediate
conveyances the title of Lambert became vested in de-
fendant.

The court below held that Staniford's deed to Lam-
bert back in 1901 did not convey the western 3 feet of

the 47 feet called for in his deed to which he did not have title, but that the defendant through Lambert and his successors acquired title to this western 3 feet by adverse possession. The learned court in its opinion stated: "John A. Lambert having acquired, and Wilson H. Trent having lost, by adverse possession, three (3) feet on the eastern side of the lot of Wilson H. Trent, the latter owned, at the time of his conveyance to James B. Holderbaum a lot having a frontage of only sixty-three (63) feet, instead of sixty-six (66) feet purported to be conveyed thereby." He stated further that as Holderbaum only had title to 63 feet and had conveyed to Adams 50 feet and to Lambert 16 feet it was impossible to determine which deed, dated but two days apart, was first delivered and "in the absence of qualifying facts or circumstances, effect and priority must be given to the deed which was first placed of record."

He held, accordingly, that Adams and his successors, including plaintiffs, took their title subject to the prior recorded deed of defendant's predecessors for the 16 feet, which included the strip of land in dispute, and that "...... it necessarily follows that the plaintiffs do not have title or right of possession of the ground in dispute and the subject of this action in ejectment."

Turning to the oral evidence we find that it shows that Lambert in 1924 built a garage and planted a hedge very close to, if not on, the line which defendant contends is the western boundary of the 16 foot strip acquired from Holderbaum. It is conceded that from that time until the bringing of this action, August 9, 1938, the defendant or his predecessor was in possession of this 3 foot strip. Prior to June of 1938 there apparently had been no discussion between the parties or their predecessors in title regarding the line between these adjoining lots. Sometime during that month the defendant noticed stakes 3 feet to the east of his asserted western boundary line, placed by plaintiffs' contractor in the course of the erection of a dwelling house

on their lot. It was then that he claimed an encroachment upon his land.

We are in accord with the conclusion reached by the learned trial judge that the deed from Staniford to Lambert in 1901, purported to convey the 47 feet, did not pass title of the 3 feet to Lambert.

That brings us to the question whether the evidence is sufficient to warrant a finding that the defendant acquired title to this strip of land by adverse possession. Concededly, the plaintiffs must rely on the strength of their own title and not on the weakness of defendant's: *Parks et al. v. P. R. R.,* 301 Pa. 475, 481, 152 A. 682; *Faux v. Cooke,* 107 Pa. Superior Ct. 88, 163 A. 384. As the plaintiffs had shown a good paper and record title to the premises in dispute it was incumbent upon defendant, who asserted title by adverse possession, to prove affirmatively all the elements essential to establish title by that means. Mr. Justice STEWART in *Johns v. Johns,* 244 Pa. 48, 56, 90 A. 535, said: " 'Where a party relies on the statute of limitations, as giving him a positive title, ...... he ought to be held to show all the elements constituting it, conjoined and united in his hands; and that he, or those under whom he claims, entered into the possession of the premises, claiming the same as and for his own property, and that as such he has held actual, adverse, continued, visible, notorious, distinct, and hostile possession thereof, for the full period of twenty-one years ......' " See, also, *Camp Chicopee v. Eden,* 303 Pa. 150, 155, 156, 154 A. 305; *Robin v. Brown et ux.,* 308 Pa. 123, 129, 162 A. 161.

We think that the defendant failed to carry the burden placed upon him. Lambert's house and dry walk, which occupied a part at least of the western 3 feet included in the 47 feet purported to be conveyed by Staniford in 1901, were not constructed or used prior to 1902 or 1903. When Trent in 1914 deeded the 66 feet to Holderbaum, which called for the division line now in

dispute, Lambert's alleged title by adverse possession of the 3 feet occupied by the dry walk had not ripened as approximately only 12 years had elapsed after he took possession of the land therein described. Even if we assume adverse possession by Lambert of that 3 feet from 1902 to May 1922, when he received from Holderbaum a deed for the 16 feet west of the property conveyed by Holderbaum to Adams, he did not acquire title thereto by adverse possession as his possession was not for the full necessary 21 years. Lambert in 1922 had a record title to the 3 feet originally included in the Staniford deed and his continued possession thereof was no longer adverse or hostile. He could not claim in such circumstances that his western boundary line was moved on to the Adams, now Hershey, land. Whatever possession he had of the 3 feet thereafter was as a holder of the record title and any claim of title by adverse possession was in subservience and not adverse to the record title: *Jenkins v. McMichael*, 17 Pa. Superior Ct. 476; *Harris v. Richey*, 56 Pa. 395; *Eichelberger v. Gitt*, 104 Pa. 64, 72.

Assuming further that the defendant and his predecessors took possession of the strip involved herein by planting a hedge thereon and building a garage at the end of a concrete driveway with the eaves touching the line claimed by defendant, that possession continued at most from 1922 to 1938, a period of but 16 years, which is short of the statutory period, and therefore insufficient to create a title to the land in question within the provisions of the Act of March 26, 1785, 2 Sm. L. 299, Sec. 2, 12 PS §72; *Baxter v. Girard Trust Co.*, 288 Pa. 256, 135 A. 620. Until the full expiration of the statutory period, the owner's record title remains unaffected and untrammeled: *Brennan et al. v. Pine Hill Collieries Co. et al.*, 312 Pa. 52, 54, 167 A. 776; *James et al. v. Bream et al.*, 263 Pa. 305, 310, 106 A. 722.

We find no evidence in this record of such adverse possession by defendant and his predecessors in title of

the 3 foot strip in dispute for a sufficient length of time to give to him a good title against the record owners. We, therefore, are of the opinion that the court fell into error in entering judgment for defendant.

The judgment is reversed and entered for plaintiffs for the strip of ground described in the writ.