**Alexander ZDROK and Roberta Mustin, Appellant,**

v.

**MAIN LINE NATIONAL MORTGAGE COMPANY and Daniel John Patton and Linda Patton, h/w, Appellees.**

**Alexander Zdrok and Roberta Mustin, Appellees,**

v.

**Main Line National Mortgage Co and Daniel John Patton and Linda Patton, Appellants.**

Superior Court of Pennsylvania.

Argued Oct. 17, 2006.
Filed April 5, 2007.

Scott I. Fegley, Yardley, for Zdrok and Mustin.

Linda Berman, Wayne, for Main Line and Patton, D. and L.

BEFORE: STEVENS, PANELLA, and JOHNSON, JJ.

OPINION BY STEVENS, J.:

¶ 1 These cross-appeals follow the entry of judgment made by the Court of Common Pleas of Chester County in favor of Alexander Zdrok (Zdrok) and Roberta Mustin (Mustin). We affirm the judgment entered on the verdict of the jury and remand for proceedings consistent with this decision.

¶ 2 The present matter arose out of a dispute regarding the payment of commissions allegedly owed to Zdrok and Mustin. Zdrok and Mustin were employed as loan officers with Main Line National Mortgage, Inc. (Main Line National) for an agreed upon compensation of 50% commission on the broker fee. Zdrok and Mustin began their employ in September of 2002 and October of 2002 respectively.

¶ 3 After Zdrok and Mustin terminated their employment with Main Line National, they filed a complaint against Main Line National and Daniel and Linda Patton in December of 2003, alleging violations of the Pennsylvania Wage Payment and Collection Law (WPCL),[1] breach of an employment contract, willful conversion of money, and invasion of privacy. On Sep-

tember 26, 2005, a jury trial commenced. At the close of Zdrok and Mustin's case, Main Line National and the Pattons sought dismissal of all counts pursuant to a motion for a nonsuit. The court proceeded to dismiss all counts against Linda Patton. On September 29, 2005, the jury, specifically finding that Zdrok and Mustin were employed by Main Line National as loan officers, returned a verdict in favor of Zdrok in the amount of $28,113.94.

¶ 4 On October 5, 2005, Zdrok and Mustin filed a motion for post-trial relief seeking attorney fees, expenses, and pre-judgment interest. Thereafter, on October 10, 2005, Main Line National and the Pattons filed a motion for post-trial relief raising eleven (11) allegations of error.[2] On January 6, 2006, the court heard oral argument on the post-trial motions; however, a ruling thereon was not entered by the court. Subsequently, on February 27, 2006, upon praecipe by Main Line National and the Pattons, judgment was entered on the verdict of the jury.

¶ 5 An appeal by Zdrok and Mustin followed the entry of judgment. By Order and Opinion dated March 23, 2006, the court denied and dismissed the post-trial motion of Main Line National and the Pattons. A cross-appeal was then filed by Main Line National and the Pattons.

¶ 6 Herein, Zdrok and Mustin contend that, in light of the jury's verdict, and, pursuant to the dictates of the WPCL, they are entitled to the award of attorney fees and expenses. They further argue that they are entitled to pre-judgment interest on the jury's verdict.

¶ 7 Main Line National and the Pattons present the following questions for review:

---

1. 43 P.S. §§ 260.1–260.12.

2. Although being dismissed from this action at trial, Linda Patton filed a motion for post-trial relief along with Main Line National and Daniel Patton.

A. Was the verdict contrary to law as the WPCL does not provide a remedy to an employee deprived of commissions on sales made after his separation? In the same vein, did the Trial Judge commit an error of law and/or abuse of discretion in her Jury Instruction on WPCL? Further, did the Court err in not granting Defendants' Motions for Non Suits and a Directed Verdict?

[*See* Trial Court Opinion dated 3/23/06 at 4–8, 16–17, 19–21].

B. Was the Jury Instruction on employee v independent contractor an error of law and/or abuse of discretion?

[*See* Trial Court Opinion dated 3/23/06 at 17–19].

C. Was it an error of law and/or abuse of discretion for the Trial Judge to refuse to allow Defense counsel to question John DiGiacomo and Plaintiff Zdrok about their relationship and in permitting John DiGiacomo to testify at all as she was well aware of his conflict of interest in this matter?

[*See* Trial Court Opinion dated 3/23/06 at 15–16].

D. Was it an error of law and[/]or abuse of discretion for the Trial Court to refuse to allow defendants to file an Amended Answer with Counterclaims?

[*See* Trial Court Opinion dated 3/23/06 at 11–13].

E. Was the verdict against the sufficiency of the evidence?

[*See* Trial Court Opinion dated 3/23/06 at 23].

F. Was the verdict against the weight of the evidence?

[*See* Trial Court Opinion dated 3/23/06 at 23].

G. Was the Verdict Slip an Error of Law and was it inadequate to use to obtain a proper finding?

[*See* Trial Court Opinion dated 3/23/06 at 23].

Brief of Main Line National and the Pattons at 5 (answers of the trial court omitted). Main Line National and the Pattons ask that the verdict of the jury be vacated and the matter remanded for a new trial.

¶ 8 In that the claims of Zdrok and Mustin rest on the propriety of the trial court proceeding and the verdict of the jury entered subsequent thereto, we turn first to the claims of Main Line National and the Pattons. In this regard, we are mindful that:

> A new trial based on weight of the evidence issues will not be granted unless the verdict is so contrary to the evidence as to shock one's sense of justice; a mere conflict in testimony will not suffice as grounds for a new trial. Upon review, the test is not whether this Court would have reached the same result on the evidence presented, but, rather, after due consideration of the evidence found credible by the [jury], and viewing the evidence in the light most favorable to the verdict winner, whether the court could reasonably have reached its conclusion. Our standard of review in denying a motion for a new trial is to decide whether the trial court committed an error of law which controlled the outcome of the case or committed an abuse of discretion.

*Daniel v. William R. Drach Co., Inc.,* 849 A.2d 1265, 1267–1268 (Pa.Super.2004) (quotation marks and internal citations omitted).

¶ 9 In the case *sub judice,* we have reviewed thoroughly the arguments and briefs of the parties, the record before us, and the applicable law, and have examined closely the trial court's resolution of the matter. We are in agreement with the court's disposition, and rely on the well-reasoned and comprehensive March 23, 2006 Opinion of the Honorable Jacqueline C. Cody, wherein Judge Cody, finding that

there was no basis upon which to disturb the jury's judgment, denied and dismissed the claims of Main Line National and the Pattons. *See* Trial Court Opinion and Order dated 3/23/06.

¶ 10 Turning to the claims set forth by Zdrok and Mustin, they contend that, in light of the jury's verdict, and, pursuant to the dictates of the WPCL, they are entitled to the award of attorney fees and expenses. They also claim that they are entitled to pre-judgment interest on the jury's verdict.[3] Zdrok and Mustin request that the amount awarded be determined either by this Court or, upon remand, by a trial judge other that Judge Cody. In support of their request for another trial court judge to render a determination in this matter, they argue that Judge Cody has "demonstrated bias against such an award." *See* Brief of Zdrok and Mustin at 4.

 ¶ 11 Zdrok and Mustin cite to nothing in the record to support their claim of bias on the part of the distinguished trial judge. We remind counsel that such claims against a trial judge should not be made without clear support for the same in the record. Here, the record is devoid of any lack of impartiality by the trial judge, and the request for remand to a judge other than Judge Cody is denied.

¶ 12 Pursuant to the dictates of 43 P.S. § 260.9a(f), we find that Zdrok and Mustin are entitled to attorneys' fees and expenses.[4] Consequently, we remand this matter to the trial court for inquiry and determination as to the appropriate amount of attorneys' fees, expenses, and interest to be awarded.

¶ 13 We affirm the judgment entered on the verdict of the jury and remand for proceedings consistent with the foregoing decision.

¶ 14 Judgment Affirmed; Matter Remanded.

---

**3.** In reviewing the above claims, we note the following assertions set forth by Zdrok and Mustin, which found support in the record:

This matter was scheduled for trial dates of 2/7/05, 2/25/05, 4/11/05, 5/23/05, 7/5/05, 7/18/05, and 8/15/05 before trial actually went forward on 9/26/05. In the interim, defendants' trial counsel filed at least six motions for continuances, two motions for leave to amend the pleadings (even after the first motion was denied), an 'emergency motion' to extend discovery, a motion for a protective order to limit the scope of defendants' depositions, and, finally, two petitions to withdraw as counsel.

Brief of Zdrok and Mustin at 8 n. 1 (citation omitted).

**4.** Title 43 P.S. § 260.9a(f) provides that: "The court in any action brought under this section shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow costs for reasonable attorneys' fees of any nature to be paid by the defendant." As stated by the Supreme Court, "an award of attorneys' fees to a prevailing employee in an action brought under the [WPCL] is mandatory. This conclusion promotes the statute's purpose to protect employees when employers breach a contractual obligation to pay wages." *Oberneder v. Link Computer Corp.*, 548 Pa. 201, 206, 696 A.2d 148, 151 (1997) (citation omitted).