**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| UMB BANK, NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY, BUT SOLELY AS LEGAL TITLE TRUSTEE FOR LVS TITLE TRUST XIII | : : : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : : : : | No. 1432 EDA 2024 |
| KIMBERLY LAWTON AND LEO LAWTON, AND NOEL LAWTON | : : : : : | |
| APPEAL OF: KIMBERLY LAWTON AND LEO LAWTON | : : | |

Appeal from the Order Entered April 24, 2024
In the Court of Common Pleas of Delaware County Civil Division at
No(s): CV-2023-000650

BEFORE: MURRAY, J., McLAUGHLIN, J., and FORD ELLIOTT, P.J.E.*

MEMORANDUM BY McLAUGHLIN, J.:          **FILED NOVEMBER 19, 2025**

Kimberly Lawton and Leo Lawton appeal *pro se* from the order granting summary judgment against them in this ejectment action. The Lawtons have also filed an Application to Dismiss. We affirm the entry of summary judgment and deny the Application to Dismiss.

UMB Bank, National Association, not in its individual capacity but solely as legal title trustee for LVS Title Trust XIII ("UMB Bank") filed a complaint in

_____

* Retired Senior Judge assigned to the Superior Court.

ejectment against the Lawtons in January 2023.[1] The complaint stated that in a preceding action, Wells Fargo Bank N.A. ("Wells Fargo") had foreclosed on the property where the Lawtons reside.[2] The property was then sold at a sheriff's sale to UMB Bank, and the Sheriff's deed was recorded in September 2022. UMB Bank attached to the complaint a copy of the sheriff's deed, which showed UMB Bank as the title holder.

UMB Bank reinstated the complaint in March 2023. A return of service was filed on the docket, averring that a process server served the complaint on Leo Lawton, at the residence, on March 14, 2023.

The Lawtons, who have represented themselves throughout this action, filed an answer to the complaint. UMB Bank filed a motion to strike the answer, which the court granted. The Lawtons filed a second answer, followed by a third answer and counterclaim.

UMB Bank filed a motion for summary judgment and a supportive brief. It attached the affidavit of an assistant secretary of UMB Bank, who averred, among other things, that UMB Bank received the deed from the Sheriff of Delaware County, and that the Lawtons have no agreement by which they are entitled to remain on the property.

_____

[1] UMB Bank later filed a praecipe to discontinue the action as to non-occupant Noel Lawton.

[2] *See Wells Fargo Bank N.A v. Kimberly Lawton*, No. CV-2018-006187 (Delaware County Ct. Comm. Pl.).

- 2 -

The Lawtons filed an answer to the motion for summary judgment. They also filed a petition to join Wells Fargo as a party to the ejectment action, and/or to join the foreclosure action to the ejectment action.

The court denied the petition for joinder. The court explained that the foreclosure case "was closed as of the Court[] Order of April 4[,] 2023 Denying the Petition to Set Aside the Sheriff Sale." Order Denying Defendant's Motion for Joinder, April 23, 2024, at 2.

The court also granted the motion for summary judgment. The court found the Lawtons failed to raise any genuine issue of material fact that supported a defense to the ejectment action. *See* Trial Court Opinion, July 17, 2024, at 4. The court noted that the Lawtons' arguments alleged "fraud, conspiracy to commit fraud, deed fraud, falsifying documents in court, no contract, and breach of conveyance, none of which was relevant to the ejectment case," and that the Lawtons were "trying to attack the already decided sheriff sale" and underlying foreclosure. *Id.* at 2 & n.4. The court also dismissed the Lawton's counterclaim, finding it "contains only claims against a non-party, Wells Fargo, NA[.]" Order Granting Summary Judgment, April 23, 2024, at 2.[3]

---

[3] The order granting summary judgment was docketed on April 24, 2024, the day after it was issued. We have amended the caption to reflect that the order was entered on April 24. *See Smithson v. Columbia Gas of PA/NiSource*, 264 A.3d 755, 759-60 (Pa.Super. 2021) (noting final order is not entered for purposes of appeal until prothonotary notes on docket that Rule 236 notice has been sent to parties).

The Lawtons appealed. Their statement of questions raises 17 issues, spanning 6 pages. **See** Appellants' Br. at 13-19. It is verbose, repetitive, and confusing, as is the argument section of their brief. The Lawtons' *pro se* status does not relieve them of the duty to cogently present and develop arguments. **See Wilkins v. Marsico**, 903 A.2d 1281, 1285 (Pa.Super. 2006); **First Union Mortg. Corp. v. Frempong**, 744 A.2d 327, 337 (Pa.Super. 1999).[4],[5] Nonetheless, we believe we understand the Lawtons' issues and arguments. If we have misunderstood or missed any, they are waived. **See Commonwealth v. Gooding**, 649 A.2d 722, 725 (Pa.Super. 1994) (stating "indecipherably vague" issues are waived) (quoting **Ibn–Sadiika v. Riester**, 551 A.2d 1112, 1114 (Pa.Super. 1988)).

"[S]ummary judgment is only appropriate in cases where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law." **Caruso-Long v. Reccek**, 243 A.3d 234, 238 (Pa.Super. 2020) (quoting **Nicolaou v. Martin**, 195 A.3d 880, 891 (Pa. 2018)). In deciding the motion, the court must consider "all facts of record and

---

[4] After UMB Bank filed an Appellees' Brief, the Lawtons filed an "Application for Motion to Dismiss Appellee for Perjury and Re-Litigation, Pa.R.A.P. 1972 60(b)(6)(3)," which was docketed as "Application to Dismiss." We deny the Application to Dismiss.

[5] UMB Bank argues we should find the Lawtons waived all issues by failing to file a Pa.R.A.P. 1925(b) statement of errors. However, the court never ordered the Lawtons to file one. **See Commonwealth v. Antidormi**, 84 A.3d 736, 745 n.7 (Pa.Super. 2014) ("The requirements of Rule 1925(b) are not invoked in cases where there is no trial court order directing an appellant to file a Rule 1925(b) Statement").

- 4 -

reasonable inferences therefrom in a light most favorable to the non-moving party" and "resolve all doubts as to the existence of a genuine issue of material fact against the moving party." ***Nicolaou***, 195 A.3d at 891. "Whether there is a genuine issue of material fact is a question of law, and our standard of review is *de novo* and our scope of review is plenary." ***Caruso-Long***, 243 A.3d at 238.

The Lawtons first argue the court lacked personal jurisdiction because the complaint did not have a cover sheet and was not served within 30 days, and because service was not made by the sheriff.

The Lawtons waived their challenges related to service of the complaint by failing to raise them in preliminary objections and instead filing an answer. ***See Silver v. Thompson***, 26 A.3d 514, 517 n.6 (Pa.Super. 2011); ***Cinque v. Asare***, 585 A.2d 490, 492 (Pa.Super. 1990).

The Lawtons next argue that UMB Bank has no standing to bring an ejectment action, as it was not a party to the foreclosure action. They further contend the sheriff's deed is defective, alleging it erroneously states that UMB Bank was the plaintiff in the foreclosure action. The Lawtons contend Kimberly Lawton's 2008 deed to the residence "supersedes all [d]eeds of ownership." Appellants' Br. at 23.[6]

> [T]o prevail in an ejectment action, "the plaintiff must show title at the commencement of the action and can recover, if at all, only

---

[6] Unlike a challenge to personal jurisdiction, the issue of standing may be raised for the first time in an answer to the complaint. ***See Five Star Bank v. Chipego***, 312 A.3d 910, 918 (Pa.Super. 2024).

on the strength of his own title, not because of weakness or deficiency of title in the defendant." ***Hallman v. Turns***, 334 Pa.Super. 184, 482 A.2d 1284, 1287 (1984). If a plaintiff in ejectment has presented at trial *prima facie* evidence that it has title to the property at issue, the burden then shifts to the defendant, unless the plaintiff's proof necessarily defeats the plaintiff's claim of title. ***Dunn v. Milanovich***, 302 Pa. 184, 152 A. 757, 758 (1930). Conversely, if the plaintiff's claimed chain of title is faulty, the plaintiff has not shown a *prima facie* case, and the plaintiff's ejectment case fails. ***Faux v. Cooke***, 107 Pa.Super. 88, 163 A. 384, 385 (1932).

***Becker v. Wishard***, 202 A.3d 718, 722 (Pa.Super. 2019).

Here, UMB Bank has shown *prima facie* evidence that it holds title to the property, which it purchased at the Sheriff's sale. The purchaser of a property of a sheriff's sale gains the right of possession after delivery of the deed. ***See Wells Fargo Bank, N.A. v. Long***, 934 A.2d 76, 80-81 (Pa.Super. 2007). In contrast, the record reflects the Lawtons lost title to the property during the underlying foreclosure action. UMB Bank has standing.

To the extent the Lawtons are challenging the propriety of the sheriff's sale, the propriety of a sheriff's sale cannot be challenged in a collateral ejectment proceeding. ***Dime Savings Bank, FSB v. Greene***, 813 A.2d 893, 895 (Pa.Super. 2002). The exception is where the foreclosure judgment is void, which may be raised as a defense to an ejectment proceeding. ***Id.*** "If the judgment is void, the sheriff's sale resulting from the execution issued on the judgment would be a nullity and could not support the ejectment action." ***Roberts v. Gibson***, 251 A.2d 799, 802 (Pa.Super. 1969). "A judgment is void when the court had no jurisdiction over the parties, or the subject matter, or

the court had no power or authority to render the particular judgment." **Dime Savings Bank**, 813 A.2d at 895. The Lawtons have made no such claims.

While the Lawtons allege there is an irregularity in the Sheriff's deed, the deed clearly states that UMB Bank holds title to the property, and the Lawtons provide no authority to support the contention that the alleged defect is fatal and renders the deed void. They have not alleged any facts that would discredit UBM Bank's claim to title of the property. Thus, the court did not err in finding that UMB Bank had standing, the Lawtons failed to demonstrate a genuine issue of material fact, and UMB Bank was entitled to possession as a matter of law.

Next, the Lawtons argue the court erred in dismissing their counterclaim because UMB Bank failed to file a reply to the counterclaim within 21 days. The Lawtons contend their counterclaim "raised issues of legal ownership and Deed Fraud." Appellants' Br. at 21.

The Lawtons did not assert a counterclaim against UMB Bank. Rather, they made allegations against non-party Wells Fargo and challenged the propriety of the foreclosure action and sheriff's sale. To the extent the Lawtons challenge UMB Bank's title, that is a defense to the ejectment action, and not a counterclaim. The court therefore properly disposed of the counterclaim.

The Lawtons next argue the court erred in denying their petition to join Wells Fargo and/or the foreclosure action. The court properly denied the petition, as the foreclosure action ended in April 2023, and the Lawtons did

not move for joinder until April 2024. **See** Pa.R.Civ.P. 213(a) (providing that a court may join pending actions within the same county).

Finally, the Lawtons argue the court showed favoritism and bias, and should have recused from the ejectment action, since the court also presided over the foreclosure action. These claims are unfounded. The record is devoid of evidence of any favoritism or bias. **See Zdrok v. Main Line Nat'l Mortg. Co.**, 921 A.2d 1226, 1229 (Pa.Super. 2007). Rather, the record shows that the Lawtons' defenses to the ejectment case failed as a matter of law. Moreover, the Lawtons did not make a recusal motion below, thus waiving the argument on appeal. **Lomas v. Kravitz**, 170 A.3d 380, 390 (Pa. 2017).

Order affirmed. Application to Dismiss denied.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 11/19/2025