OPINION BY McLAUGHLIN, J.:
Heywood Becker appeals from the order entering judgment in favor of Greg and Beth Wishard and against him on his ejectment claim. Becker claims the trial court erred in dismissing his ejectment action because he had a right to possess 2686 Emmitsburg Road, Cumberland Township, Adams County, PA (the "Property"), and the Wishards did not. We affirm.
In February 2015, Becker filed a Complaint in Ejectment against the Wishards for the Property. The trial court held a bench trial and made findings of fact, including the following.
Beth Wishard has lived at the Property since 1989, and Greg Wishard has resided there since 1996. Trial Ct. Op., filed Mar. 21, 2017, at 1, ¶ 2. They lived there "with permission of the owner, Gettysburg Foundry Specialties Company [ ('Gettysburg Foundry') ], through 1999." Id. at 1, ¶ 3. Gettysburg Foundry had given a mortgage *720 on the Property, dated November 1989. Id. at ¶ 25. "There is no indication the mortgage has ever been satisfied." Id.
As of 1996, Gettysburg Foundry's stock was held by four individuals. Id. at 2, ¶ 8. Three of them never transferred their shares to any person or entity, including CM Metals Gettysburg, Inc. ("CM Metals"), and the record was silent as to the disposition of the fourth person's shares. Id., ¶¶ 9-13.
In 1997, Gettysburg Foundry filed for bankruptcy. Id. at 2, ¶ 14. Its assets when it filed for bankruptcy included the subject Property. Id. at 3, ¶ 16. The Bankruptcy Court in 1998 approved the sale to CM Metals of Gettysburg Foundry's equipment, personal property, and various tracts of real estate. Id. at 3, ¶ 17. A deed effecting the sale of the real estate was recorded in 1999; however, the deed did not include the subject Property. Id. at 3, ¶ 18.
Becker forwarded correspondence to Greg Wishard in April 2014, stating he was purchasing the mortgage on the property and intended "to assert my rights to possession, and consequently, the fair market rent for this property." Id. at 8. Becker sent Beth Wishard a deed in May 2014 that he had drafted that would have transferred the Property from Gettysburg Foundry to an entity known as 2686 Emmitsburg Road, Ltd., in exchange for $2,500. Id. Becker was the owner of 2686 Emmitsburg Road, Ltd. The deed inaccurately identified Beth Wishard as the corporate secretary of Gettysburg Foundry. Id.
In December 2014, CM Metals' board of directors adopted a resolution appointing CM Metals' secretary as president of Gettysburg Foundry. The resolution authorized him to convey the Property to 2686 Emmitsburg Road, Ltd., for consideration of $100. Id. at 3, ¶ 20. 2686 Emmitsburg Road, Ltd. prepared and recorded a deed effectuating the conveyance. Becker also "certified" the return address for the deed. Id. at 4, ¶ 21. Subsequently, in February 2015, 2686 Emmitsburg Road, Ltd. recorded a deed purporting to transfer the Property to Becker, in exchange for $100. Id., ¶ 22.
CM Metals also purported to transfer the subject Property to Becker in a separate transaction. CM Metals purported to convey the Property to him by a deed recorded in December 2016, in exchange for $1. Id. at ¶ 24.
In the trial court, Becker argued that he had a right of possession due to the deed from 2686 Emmitsburg Road, Ltd. According to Becker, 2686 Emmitsburg Road, Ltd. had acquired title by means of the deed prepared after CM Metals appointed its corporate secretary as Gettysburg Foundry's president. He claimed that CM Metals had authority to install its secretary as Gettysburg Foundry's president because, according to Becker, the bankruptcy court's sale order had had the effect of transferring all of Gettysburg Foundry's property, including its stock, to CM Metals.
The trial court rejected Becker's arguments. It reasoned that Gettysburg Foundry's corporate stock did not transfer to CM Metals pursuant to the bankruptcy court's sale order and, therefore, the 2014 deed from Gettysburg Foundry to 2686 Emmitsburg Road, Ltd. was without effect. The court explained that the shareholders owned the stock of Gettysburg Foundry, the stocks were not corporate assets subject to the bankruptcy court's sale order, and they did not otherwise transfer to CM Metals. Id. The court stated:
Having determined the December 8, 2014 deed from Gettysburg Foundry to *721 2686 Emmitsburg Road, Ltd. to be defective, Becker is unable to otherwise establish title to the [P]roperty. Indeed, his own pleadings recognize that the deed transferring title pursuant to the bankruptcy court approval did not include the subject property and thus record title remained in Gettysburg Foundry. This Court's independent interpretation of that order confirms the same. Importantly, the bankruptcy court did not order title to the subject property to be vested in any party. To the contrary, the Court authorized the sale of corporate assets pursuant to a purchase agreement but did not consummate the sale by the order. The purchases made under the sales agreement were only completed when record title was actually transferred pursuant to deed. Whether omission of the [P]roperty in the recorded deed was intentional or inadvertent is of little consequence in this litigation as the fact remained that a valid recorded deed transferring title to the subject property from Gettysburg Foundry to any other party does not exist.
Id. at 7-8 (footnotes omitted).
The trial court considered it unnecessary to determine if Becker was a bona fide purchaser, but nonetheless concluded that he was not. It found the "record [wa]s saturated with evidence that Becker was intimately familiar with the relevant circumstances concerning the subject property." Id. at 8. The court concluded "the repetitive deeds prepared and filed by Becker which inconsistently purport to transfer ownership of the property to various parties leads not only to the unavoidable conclusion of Becker's knowledge as to the title history of this property but also as to the possibility of active fraud." Id.
Becker filed a Notice of Appeal and raises the following issues:
1. Was [Becker] the owner of the subject real property by virtue of having record title when his ejectment action was filed?
2. Was [Becker] out of possession when his ejectment action was filed?
3. Have [the Wishards] erected any valid defense to the entry of judgment in ejectment in favor of [Becker]?
4. Did the trial judge fall into legal error in this ejectment case by taking into consideration liens on the subject property, and clouds on the title, when the only defendants were strangers to title?
Becker's Br. at 6 (suggested answers omitted).
When reviewing a verdict in a bench trial, we " 'consider the evidence in the light most favorable to the verdict winner and reverse the trial court only where the findings are not supported by the evidence of record or are based on an error of law' " Century Indem. Co. v. OneBeacon Ins. Co., 173 A.3d 784, 801 (Pa.Super. 2017) (quoting Skiff re Bus, Inc. v. Buckingham Ridgeview, LP, 991 A.2d 956, 962 (Pa.Super. 2010) ). Our scope of review is plenary. Id.
"Ejectment is an action filed by a plaintiff who does not possess the land but has a right to possess it, against a defendant who has actual possession." Siskos v. Britz, 567 Pa. 689, 790 A.2d 1000, 1006 (2002) ; see also So f fer v. Beech, 487 Pa. 255, 409 A.2d 337 (1979). " 'Ejectment is a possessory action only, and can succeed only if the plaintiff is out of possession, and [the plaintiff] has a present right to immediate possession.' " Siskos, 790 A.2d at 1006 (quoting Brennan v. Shore Bros., 380 Pa. 283, 110 A.2d 401, 402 (1955) ). An ejectment action differs from a quiet title action in that quiet title serves to determine *722 the relative and respective rights of all potential title holders. Id. In contrast, ejectment determines the immediate rights as between the plaintiff and the defendant. Id.[1]
Therefore, to prevail in an ejectment action, "the plaintiff must show title at the commencement of the action and can recover, if at all, only on the strength of his own title, not because of weakness or deficiency of title in the defendant." Hallman v. Turns, 334 Pa.Super. 184, 482 A.2d 1284, 1287 (1984). If a plaintiff in ejectment has presented at trial prima facie evidence that it has title to the property at issue, the burden then shifts to the defendant, unless the plaintiff's proof necessarily defeats the plaintiff's claim of title. Dunn v. Milanovich, 302 Pa. 184, 152 A. 757, 758 (1930). Conversely, if the plaintiff's claimed chain of title is faulty, the plaintiff has not shown a prima facie case, and the plaintiff's ejectment case fails. Faux v. Cooke, 107 Pa.Super. 88, 163 A. 384, 385 (1932).[2] An ejectment action likewise fails if the plaintiff is not a bona fide purchaser. Lukens v. Wharton Ave. Baptist Church, 296 Pa. 1, 145 A. 587, 590 (1929).
The trial court properly concluded Becker did not have an immediate right of possession. In sum, there was nothing of record to show that CM Metals had authority to appoint the president of Gettysburg Foundry and have him transfer title to the Property. Once Gettysburg Foundry issued its shares to shareholders, they became the property of the shareholders, unless and until Gettysburg Foundry reacquired them. See Allfirst Bank v. Commonwealth, 593 Pa. 631, 933 A.2d 75, 83 (2007) ("[S]hares of stock subsist when sold and become the property of the new shareholder.").[3] Nothing here supports a conclusion that such a reacquisition occurred. Indeed, the trial court found that at the very least some of its shares were outstanding at the time of the claimed appointment. There was no evidence of a meeting of the shareholders to authorize the appointment, or that the shareholders otherwise authorized or ratified the appointment.
Therefore, the deed transferring the property from Gettysburg Foundry to 2686 Emmitsburg Road, Ltd. was without effect. Since Becker's claim flowed from this deed, the failure of that deed defeated his claim of a right of immediate possession of the Property. Furthermore, the trial court concluded he was not a bona fide purchaser. The trial court's findings of fact are supported by the record, and support its conclusion that Becker did not have title to the Property.
Becker claims that he only needed to show that he was the "record owner" of the property and that the Wishards were in possession, and that he could prevail after a full trial by presenting only a prima facie case. Becker's Br. at 13. Even *723 assuming Becker's evidence - a recorded deed and testimony of the Adams County Director of Tax Services that he was the owner of the Property when he commenced this action - was prima facie evidence of title, the trial court permissibly found against him. Once he presented that evidence at trial, the Wishards bore the burden of defeating his claim of title. See Dunn, 152 A. at 758 ; Faux, 163 A. at 385. The trial court concluded that they carried that burden, and the evidence supports that conclusion.
Becker criticizes the trial court for entertaining the Wishards' challenges to his title. Becker asserts that the Wishards' allegations in their Answer to his Complaint that "the property was fraudulently obtained" were improper in that they included no specific averments of fraud. Becker's Br. at 11 (citing Complaint, ¶¶ 3-4). Becker waived any complaint about the adequacy of the Wishards' pleading by failing to raise the issue in a pleading in the trial court. Pa.R.A.P. 302 ; Pa.R.C.P. 1032(a). His complaints about the Wishards' "standing" are likewise waived.
His additional argument that the Wishards could not challenge his chain of title for an "irregularity" in a deed under which he claimed title, as they were strangers to title, is utterly meritless. Becker's Br. at 12. The cases on which he relies - Riland v. Eckert, 23 Pa. 215, 221 (1854), and Burdick v. Norris, 2 Watts 28, 29 (Pa. 1833) - do not stand for such a proposition, even assuming they are still good law. Rather, they held that a defendant in ejectment could not set up as a defense an alleged flaw in a prior legal proceeding under which the plaintiff claimed title. The Court in those cases pointed out that the defendant was a stranger to the prior proceeding and the person whose rights were putatively harmed in that prior proceeding never attempted to assert those rights. Those cases decidedly do not stand for the proposition that a defendant in ejectment cannot at trial challenge the enforceability of the title under which the plaintiff claims a right of immediate possession.
Finally, Becker mischaracterizes the trial court's analysis below as erroneously treating this case as an action to quiet title and improperly considering the quality of his title. To the contrary, and pursuant to the burden-shifting analysis outlined above, the lower court permissibly considered evidence and arguments that his claim of title was flawed. The record supports the trial court's factual findings and it did not err as a matter of law in determining that Becker failed to establish a "present right to immediate possession." Siskos, 790 A.2d at 1006. It therefore properly held in the Wishards' favor.
Order affirmed.

See also 4 Goodrich-Amram 2d § 1051:2 ("Generally, ejectment lies where the defendant is in possession of land claimed by the plaintiff, and if the plaintiff is in possession of land claimed by the defendant, the remedy of the plaintiff is action to quiet title.").

See also Busin v. Whiting, 369 Pa.Super. 563, 535 A.2d 1078, 1081 (1987), rev'd on other grounds, 524 Pa. 240, 570 A.2d 508 (1989) ("By [plaintiff's] own admission, no deed exists from the Commonwealth to the Canal Company, which is in itself sufficient to render [plaintiff's] claim of title fatally defective.").

See also In the Matter of Erie Drug Co., 416 Pa. 41, 204 A.2d 256, 257 (1964) ("The general rule is that a corporation is an entity separate and distinct from its shareholders. ..."); Bradley v. Zoning Hrg. Bd. of Borough of New Milford, 63 A.3d 488, 492 (Pa.Cmwlth. 2013).