J-A26001-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN RE: ESTATE OF VERNELL SMITH, DECEASED | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| | : | |
| APPEAL OF: ARTHUR SANDERS | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 378 EDA 2022 |

Appeal from the Order Entered December 29, 2021
In the Court of Common Pleas of Philadelphia County Orphans' Court at
No(s):  5DE of 2017

BEFORE:   BOWES, J., KING, J., and PELLEGRINI, J.*

MEMORANDUM BY BOWES, J.:                         **FILED MARCH 24, 2023**

Arthur Sanders appeals from the December 29, 2021 order granting a petition in ejectment filed by Richard Costigan, Esquire, in his capacity as administrator of the estate of Vernell L. Smith ("the decedent") with respect to Mr. Sanders's occupation of real property located at 3718 Fairmount Avenue, Philadelphia, Pennsylvania ("3718 Fairmount" or "the property").[1] We vacate and remand with instructions.

We glean the relevant factual and procedural history from the certified record.  This civil controversy was precipitated by the intestate passing of the decedent on January 3, 2016.  She was survived by her three children:

---

* Retired Senior Judge assigned to the Superior Court.

[1]  This order is final and appealable pursuant to Pennsylvania Rule of Appellate Procedure 342(a)(6), which provides that an appeal may be taken as of right from an order of the orphans' court that renders a determination with respect to "an interest in real or personal property[.]"  Pa.R.A.P. 342(a)(6).

William Smith, James Smith, and Eric Smith (collectively, "the Smith heirs"). Although the decedent was unmarried at the time of her death, she had co-habitated with her long-term paramour, Mr. Sanders, for several decades at the property. *See* N.T. Hearing, 12/13/21, at 27-28. The Philadelphia County Register of Wills initially granted letters of administration to William Smith. Several months later, however, that decree was vacated and Mr. Sanders was appointed administrator as the decedent's putative common-law spouse. William Smith sought to overturn this superseding decree by challenging the validity of the alleged common-law marriage. *See id*. at 1-2. The orphans' court held the marriage was valid. On appeal, this Court reversed after finding insufficient evidence of *verba in praesenti*, or an exchange of words manifesting the intent to create a present-tense marital relationship. ***See In re: Estate of V.S.***, 209 A.3d 1045 (Pa.Super. 2019) (unpublished memorandum at 9-10) ("The words testified to by Sanders merely evidence the couple's intent to marry at some point **in the future**." (emphasis in original)). Our Supreme Court denied a petition for review. ***See In re: Estate of V.S.***, 218 A.3d 852 (Pa. 2019). No further appeal was taken.

Throughout these proceedings, Mr. Sanders continued to reside at 3718 Fairmount. At some point after the decedent's passing, Eric Smith also began to reside at the property. We gather from the record that neither William Smith or James Smith resides at, or otherwise uses, 3718 Fairmount.

On remand, Attorney Costigan ("the Administrator"), took over administration of the decedent's estate. In January 2020, he filed a citation

- 2 -

to show cause as to why, *inter alia*, Mr. Sanders should not be ejected from the property. *See* Petition for Citation, 1/10/20, at ¶¶ 1-8. With respect to title, the Administrator asserted that he was "the legal and record owner of the [p]roperty." *Id*. at ¶ 6. We note that no supporting documentation attesting to the decedent's ownership of 3718 Fairmount was attached to this petition. The orphans' court directed Mr. Sanders to show cause as to why he should not be ejected. *See* Preliminary Decree, 1/16/20, at 1. Mr. Sanders timely filed an answer and new matter in response that, *inter alia*, specifically denied the Administrator possessed legal title to the property. *See* Answer and New Matter, 1/27/20, at ¶ 6. Thereafter, the proceedings were delayed for approximately one year due to the COVID-19 pandemic.

A hearing on the Administrator's petition for ejectment and other estate matters was held in December 2021, wherein Mr. Sanders argued that the Administrator had not demonstrated an actual ownership interest in 3718 Fairmount for the purposes of ejectment.[2] *See* N.T. Hearing, 12/13/21, at 80-81 ("[H]is burden of proof in an action for ejectment requires him to show and prove he is the legal owner, and he has not done that."). Mr. Sanders also filed a brief expounding upon the same argument. *See* Brief, 12/15/21, at 1-3. Ultimately, the orphans' court granted the Administrator's petition for ejectment, provided Mr. Sanders sixty days to vacate the property, and stated

---

[2] Separate from the ejectment proceedings, the Smith heirs challenged the Administrator's stewardship of the decedent's estate and sought various forms of relief, including an accounting and the removal of the Administrator. These issues are not before us in the instant appeal.

that he would be "held in contempt" if he refused to comply with the order. **See** Decree, 12/28/21, at ¶¶ 1-2.

On January 10, 2022, Mr. Sanders filed a timely notice of appeal and a petition for *supersedeas* pursuant to 42 Pa.C.S. § 5105(e). In addition to seeking a stay, the latter filing also asserted that the orphans' court's jurisdiction had been impacted by an alleged failure to join certain "indispensable parties" to the litigation, *i.e.*, the Smith heirs. **See** Petition for Stay, 1/10/22, at ¶¶ 3-6. Further, Mr. Sanders reasserted his position that the Administrator had failed to adduce proof that he was "in possession of" 3718 Fairmount. **Id**. at ¶ 7. The orphans' court stayed the proceedings pending resolution of the instant appeal. No further relief was granted.

On February 15, 2022, the orphans' court directed Mr. Sanders to file a concise statement of errors pursuant to Pa.R.A.P. 1925(b). **See** Order, 2/15/22, at 1. He timely submitted a thirteen-page filing that was neither concise nor entirely precise in its enumeration of the alleged errors committed by the orphans' court.[3] **See** Concise Statement, 2/22/22, at 3-4 ("The

---

[3] In his statement pursuant to Pa.R.A.P. 1925(b), Mr. Sanders also attempted to advance both a motion for modification of the orphans' court's holding and a motion for judgment *non obstante veredicto*. **See** Concise Statement, 2/22/22, at 12-13. No such motions or claims were advanced prior to Appellant's filing of his notice of appeal or the orphans' court directing practice pursuant to Rule 1925. It is well-established that "[a] party cannot rectify the failure to preserve an issue by proffering it in response to a Rule 1925(b) order" since a statement of matters complained of on appeal "is not a vehicle in which issues not previously asserted may be raised for the first time." **Hinkal v. Pardoe**, 133 A.3d 738, 746 (Pa.Super. 2016) (*en banc*). Thus, we will not address the merits of these ancillary motions. **See** Pa.R.A.P. 302(a).

reasons for a [sic] trial court's rulings are vague or not discernable from the record and accordingly, the [concise statement] has identified the errors only in general terms."). The court filed a responsive Rule 1925(a) opinion that addressed the arguable merits of Mr. Sanders's claims.[4]

Mr. Sanders has raised the following claims for our consideration:[5]

I.     Whether the orphans' court erred in asserting subject matter jurisdiction?

II.    Whether the orphans' court erred in granting the Administrator's petition for ejectment?

III.   Whether the orphans' court erred in issuing sanctions against Mr. Sanders?

Appellant's brief at 3 (cleaned up). Our standard of review of an ejectment action is "limited to a determination of whether the [orphans'] court committed an error of law or an abuse of discretion." **Roberts v. Estate of Pursley**, 718 A.2d 837, 840 (Pa.Super. 1998) (cleaned up). We will not

---

[4] In its opinion pursuant to Pa.R.A.P. 1925(a), the orphans' court avers that Mr. Sanders has waived all his appellate claims due to the non-specific nature of his "concise" statement. **See** Orphans' Court Opinion, 6/14/22, at 1-2. While the statement filed by Mr. Sanders is not a model of clarity, it is equally clear from the orphans' court's opinion that it was able to identify the matters for which Mr. Sanders was seeking review. **Id**. at 16-21. Thus, we decline to find waiver under these circumstances. **See Munoz v. Children's Hospital of Philadelphia**, 265 A.3d 801, 805 n.4 (Pa.Super. 2021).

[5] On September 14, 2022, the Administrator sent a letter advising this Court that he would not be filing a brief in this appeal. **See** Letter, 9/14/22, at 1. Eric Smith is also listed as a participant and, similarly, declined to file a brief. The remaining Smith hers are not listed as participants in this matter and they have not filed briefs in this Court.

disturb the decision of the orphans' court in this context "unless it is unsupported by the evidence or demonstrably capricious." **Id**. To the extent these claims implicate subject matter jurisdiction, such an inquiry is a pure question of law over which our standard of review is *de novo* and our scope of review is plenary. **See Prensky v. Talaat**, ___ A.3d ___, 2023 WL 2230408, at *3 (Pa.Super. Feb. 27, 2023).

With these basic legal principles in mind, we turn to Mr. Sanders's arguments concerning the jurisdiction of the orphans' court. Specifically, Mr. Sanders has invoked the defense of failure to join an indispensable party. **See** Pa.R.C.P. 1032(b) ("Whenever it appears by suggestion of the parties . . . that there has been a failure to join an indispensable party, the court shall order that . . . the indispensable party be joined[.]"). Under this rule, "[i]f an indispensable party is not joined, a court is without jurisdiction to decide the matter. The absence of an indispensable party renders any order or decree of the court null and void. The issue of the failure to join an indispensable party cannot be waived." **Hart v. O'Malley**, 647 A.2d 542, 529 (Pa.Super. 1994) (cleaned up). A party is considered "indispensable when his or her rights are so connected with the claims of the litigants that no decree can be made without impairing those rights." **Sprague v. Casey**, 550 A.2d 184, 189 (Pa. 1988). However, an important "corollary of this principle is that a party against whom no redress is sought need not be joined. In this connection, if

the merits of a case can be determined without prejudice to the rights of an absent party, the court may proceed." ***Id***. (cleaned up).

Mr. Sanders submits the Smith heirs are indispensable parties to the instant action as beneficiaries of the decedent's estate and, consequently, the holders of title to 3718 Fairmount.[6] ***See*** Appellant's brief at 10 ("The Smith heirs were indispensable parties to the ejectment action since they were the legal owners and in actual possession of the [property].") Accordingly, Mr. Sanders argues the failure to join the Smith heirs as parties deprived the orphans' court of jurisdiction.[7] In support of this contention, Mr. Sanders relies upon 20 Pa.C.S. § 301(b), which provides that "[l]egal title to all real estate of a decedent shall pass at [her] death to [her] heirs or devisees[.]"

Mr. Sanders is correct in that owners of real estate are generally considered to be indispensable parties to proceedings that may affect their ownership interests or adversely impact their use and enjoyment of the at-

---

[6] The succession of the decedent's estate is governed by 20 Pa.C.S. § 2103(1), which provides that her "entire estate" passes to her "issue," *i.e.*, the Smith heirs. ***See*** 20 Pa.C.S. § 2101(a). Thus, it is undisputed that the Smith heirs are the intestate beneficiaries of the "entirety" of the decedent's estate, including title to any real property that she owned at the time of her death. ***See*** 20 Pa.C.S. §§ 301(b), 2101(a), 2103(1).

[7] Our review of the record indicates that Eric Smith was a party to the ejectment action, including being represented by counsel at the hearing. ***See*** N.T. Hearing, 12/13/21, at 4. Furthermore, Eric Smith testified at length regarding the merits of the Administrator's petition. ***Id***. at 26-40. He is listed as a participant in the instant appeal, although he has declined to file a brief. However, there is no indication that either William or James Smith were parties to the instant ejectment action.

issue property. ***See Columbia Gas Transmission Corp. v. Diamond Fuel Co.***, 346 A.2d 788, 789 (Pa. 1975); ***In re Estate of Moore***, 871 A.2d 196, 203 (Pa.Super. 2005). However, Mr. Sanders's arguments have largely conflated the distinct concepts of possession and ownership that arise in this matter. We emphasize that the instant proceedings sound solely in ejectment, which has historically been a vehicle for asserting possession of property, as opposed to adjudicating ownership interests. ***See Soffer v. Beech***, 409 A.2d 337, 341 (Pa. 1979) ("The writ of ejectment has long been the general method for obtaining **possession** of real property." (emphasis added)). This Court defines ejectment as "an action filed by a plaintiff who does not possess the land but has the right to possess it, against a defendant who has actual possession." ***Billig v. Skvarla***, 853 A.2d 1042, 1049 (Pa.Super. 2004). Thus, "the only necessary or indispensable party to an ejectment action is the person in actual possession of the land[.]"[8] ***Bannard v. New York State Nat. Gas. Corp.***, 172 A.2d 306, 310 (Pa. 1961); ***see also Robb v. Weida***, 276 A.3d 259 (Pa.Super. 2022) (non-precedential decision at 3) (same).

---

[8] As noted above, the certified record indicates that Eric Smith also resides at 3718 Fairmount with Mr. Sanders. **See** N.T. Hearing, 12/13/21, at 20. Assuming, *arguendo*, that Eric Smith's possession and occupation of the property requires him to be joined as an indispensable party under Pennsylvania law, we note that he was a full participant in the ejectment proceeding and testified at the hearing in opposition to the petition. **Id**. at 26-40. To the extent that Mr. Sanders suggests that Eric Smith was not a party to these proceedings, such an assertion is fully belied by the record.

Since an ejectment action does not implicate or concern an adjudication of ownership or title, there is no requirement that all potential owners of a property be joined as indispensable parties to such proceedings.[9] *Id*. This matter relates solely to Mr. Sanders's ongoing occupation of the property and will only affect his rights and circumstances. Since the outcome of this litigation will not prejudice the property rights of the Smith heirs, we cannot conclude that they are indispensable parties to this ejectment action. *See Sprague*, *supra* at 189. Accordingly, we find the orphans' court properly exercised jurisdiction in this case.

In his second claim for relief, Mr. Sanders asserts that the Administrator failed to demonstrate that he possessed "paramount" title to 3718 Fairmount for the purposes of ejectment. *See* Appellant's brief at 15 ("[The Administrator] did not plead or prove at the filing of the petition or at trial that he was the 'record owner of the property[.]'"). We agree.

As noted above, ejectment is a possessory matter and the plaintiff's right to possession is the central consideration in such a controversy. *See Soffer*, *supra* at 340-41; *Billig*, *supra* at 1049. Therefore,

> [t]he plaintiff's burden in an action in ejectment at law is clear:
> they must establish their right to immediate exclusive possession.
> Recovery can be had only on the strength of their own title, not
> the weakness of defendant's title. The crux of an ejectment
> action, therefore, rests with the plaintiffs' ability to identify, by a

---

[9] Concomitantly, our precedent provides that "all parties who claimed title to the property at issue must be joined as indispensable parties" in a quiet title action. *Orman v. Mortgage I.T.*, 118 A.3d 403, 406-07 (Pa.Super. 2015).

preponderance of the evidence, the boundaries of a parcel of land to which they are out of possession but for which they maintain paramount title.

*Doman v. Brogan*, 592 A.2d 104, 108 (Pa.Super. 1991) (cleaned up).

Instantly, the Administrator's title to 3718 Fairmount is entirely dependent upon the decedent's alleged ownership of the property at the time of her death:

> **(a) Personal representative.**—A personal representative shall have the right to and shall take possession of, maintain and administer **all the real and personal estate of the decedent**, except real estate occupied at the time of death by an heir or devisee with the consent of the decedent. He shall collect the rents and income from each asset in his possession until it is sold or distributed, and, during the administration of the state, shall have the right to maintain any action with respect to it and shall make all reasonable expenditures necessary to preserve it. The court may direct the personal representative to take possession of, administer and maintain real estate so occupied by an heir or a devisee if this is necessary to protect the rights of claimants or other parties. Nothing in this section shall affect the personal representative's power to sell real estate occupied by an heir or devisee.

20 Pa.C.S. § 3311(a) (emphasis added); *see also* 20 Pa.C.S. § 301(b) (noting that the ownership interests of an intestate decedent's heirs is subject "to all the powers granted to the personal representative by this title and lawfully by the will and to all orders of the court.").

Reviewing the transcripts of the ejectment hearing, it is clear the Administrator never provided a copy of a title or deed attesting to the decedent's ownership of 3718 Fairmount at the time of her death. *See* N.T. Hearing, 12/13/21, at 83-84. Indeed, attorneys for both Mr. Sanders and Eric

Smith brought this deficiency to the attention of the orphans' court and asserted that the Administrator had failed to demonstrate a concrete ownership interest in 3718 Fairmount. *Id*. at 84. ("[I]t appears that some title needs to be shown and attached to the complaint, and that's a condition precedent to an ejectment that he is the owner of the property and holds legal title. I don't know how the deed is written currently and what it says[.]"). Furthermore, a searching review of the certified record confirms no other documentation attesting to decedent's ownership of 3718 Fairmount has previously been filed. In response to these concerns, the orphans' court merely stated its belief that the title to the property "would be in the decedent's name." *Id*. at 84.

We cannot countenance the orphans' court reliance upon a mere assumption of ownership in this ejectment action. As this Court has held:

> [T]o prevail in an ejectment action, **the plaintiff must show title at the commencement of the action and can recover, if at all, only on the strength of his own title**, not because of weakness or deficiency of title in the defendant. If a plaintiff in ejectment has presented at trial *prima facie* evidence that it has title to the property at issue, the burden then shifts to the defendant, . . . . **Conversely, if the plaintiff's claimed chain of title is faulty, the plaintiff has not shown a *prima facie* case, and the plaintiff's ejectment case fails.**

*Becker v. Wishard*, 202 A.3d 718, 722 (Pa.Super. 2019) (emphasis added). Moreover, the absence of a link in the chain of title is fatal to a claim for ejectment. *See Busin v. Whiting*, 535 A.2d 1078, 1081 (Pa.Super. 1987)

("The plaintiff does not establish title in ejectment when possession is not shown and an essential deed in the chain of title is missing.").

Consistent with this case law, it was entirely incumbent upon the Administrator to establish the existence of valid title to 3718 Fairmount to prevail in ejectment.  He failed to do so.  In the absence of any documentation that speaks definitively to the decedent's ownership of 3718 Fairmount, we must conclude that the Administrator failed to establish a *prima facie* case of ejectment.  ***See Becker***, ***supra*** at 722; ***Busin***, ***supra*** at 1081.  Thus, the orphans' court erred in granting the petition for ejectment with respect to Mr. Sanders.  Accordingly, we will vacate the December 29, 2021 order of the orphans' court and remand for further proceedings consistent with this writing.

Due to the nature of our relief, we need not address the merits of Mr. Sanders' third claim for relief.

Order vacated.  Case remanded.  Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/24/2023

- 12 -