J-A14002-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| G.V. HOMES, INC. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| STEVE A. FREMPONG AND AGNES | : | |
| FREMPONG | : | |
| | : | No. 2511 EDA 2022 |
| Appellants | : | |

Appeal from the Judgment Entered October 3, 2022
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s): 190800206

BEFORE: PANELLA, P.J., DUBOW, J., and SULLIVAN, J.

MEMORANDUM BY PANELLA, P.J.: **FILED AUGUST 23, 2023**

Steve A. Frempong and Agnes Frempong appeal, *pro se*, from the judgment entered against them and in favor of G.V. Homes, Inc., in this ejectment action. After the Frempongs failed to pay taxes on a piece of property they owned in Philadelphia, G.V. Homes purchased the property through a tax lien sale. The Frempongs now challenge the trial court's finding that G.V. Homes has the right to possess the property. After review, we affirm.

In the Frempongs' prior appeal in this matter, we summarized the relevant factual and procedural history as follows:

> This case involves an extensive and meandering procedural history, including appeals to both the Pennsylvania Commonwealth Court and this Court. Briefly, the Frempongs were the owners of property located in the city and county of Philadelphia. The Frempongs failed to pay real estate taxes for the property for several years. *See* Complaint, 8/6/19, Exhibit A (indicating that taxes on the property had been delinquent since

2002). In 2015, the City of Philadelphia filed a petition for rule to show cause why the property should not be sold free and clear from all liens, and in March 2016, the trial court authorized a real estate tax lien sale on the property. G.V. Homes purchased the property through the tax lien sale on December 19, 2017.

The Frempongs refused to vacate the property or permit G.V. Homes to enter the property, and ultimately, G.V. Homes filed a complaint in ejectment and trespass on August 5, 2019. Additional litigation ensued.

The trial court conducted a bench trial on March 17, 2021, after which the trial court found in favor of G.V. Homes and awarded G.V. Homes possession of the property. The Frempongs subsequently filed a motion for post-trial relief requesting that the court dismiss the ejectment action, set aside the verdict, or conduct a new trial; the trial court denied the motion. Additionally, upon praecipe of G.V. Homes, the trial court issued a writ of possession. …

***G.V. Homes, Inc. v. Frempong***, 285 A.3d 940, 1236 EDA 2021 (Pa. Super. filed Sept. 21, 2022) (unpublished memorandum at 1-3) (footnotes omitted).

The Frempongs filed a notice of appeal from the trial court's denial of their post-trial motion. Because a final judgment had not been entered on the docket, this Court quashed the Frempongs' appeal. ***See id.*** (unpublished memorandum at 3). While the appeal was pending, the Frempongs filed an emergency motion for stay of eviction, which this Court denied.

The Frempongs also filed a "motion for preliminary injunction" on the same date they filed their first appeal. The trial court considered the motion as a request for a stay and denied the motion. On appeal, this Court concluded the issue was precluded by the law of the case doctrine because we addressed the claim, *i.e.*, the motion to stay, during the Frempongs' first appeal. ***See***

- 2 -

***G.V. Homes, Inc. v. Frempong***, 281 A.3d 1073, 1577 EDA 2021 (Pa. Super. filed June 16, 2022) (unpublished memorandum).

On October 3, 2022, the Frempongs filed a praecipe for entry of the judgment against them, and judgment was entered on the docket on the same date. The instant appeal followed.[1]

The Frempongs identify four claims in their appellate brief, each of which principally challenges the trial court's finding in favor of G.V. Homes in the ejectment action. The Frempongs repeatedly argue that the trial court lacked authority to authorize the tax lien sale in March 2016, and therefore, any title G.V. Homes acquired through the sale was void.[2]

When addressing nonjury trial verdicts, this Court's standard of review is deferential to the trial court:

> Our appellate role in cases arising from nonjury trial verdicts is to determine whether the findings of the trial court are supported by

---

[1] G.V. Homes filed an application to quash the Frempongs' appeal, which this Court denied without prejudice. G.V. Homes did not file a brief in this matter.

[2] The Frempongs also allege that notice and service of the underlying tax petition were defective and that they had not exhausted their right to redeem the property. The Frempongs raised these claims in previous Commonwealth Court appeals. ***See City of Philadelphia v. Frempong***, 227 A.3d 973, 68 C.D. 2019 (Pa. Cmwlth. filed Apr. 24, 2020) (unpublished memorandum) (regarding redemption and ability to pay); ***City of Philadelphia v. Frempong***, 196 A.3d 282, 959 C.D. 2016 (Pa. Cmwlth. filed Sept. 19, 2018) (unpublished memorandum) (wherein the Frempongs alleged defects in notice and service of the tax petition). Throughout its opinion in the instant matter, the trial court referenced the Frempongs' repeated attempts to raise these issues despite the court's reminders that it would only consider evidence pertaining to the issue of ejectment. ***See*** Trial Court Opinion, 1/24/23, at 5-13.

competent evidence and whether the trial court committed error in any application of the law. The findings of fact of the trial judge must be given the same weight and effect on appeal as the verdict of the jury. We consider the evidence in a light most favorable to the verdict winner. We will reverse the trial court only if its findings of fact are not supported by competent evidence in the record or if its findings are premised on an error of law. However, where the issue concerns a question of law, our scope of review is plenary.

*Gamesa Energy USA, LLC v. Ten Penn Ctr. Assocs., L.P.*, 181 A.3d 1188, 1191 (Pa. Super. 2018) (citation, brackets, and ellipses omitted).

"Ejectment is a possessory action only, and can succeed only if the plaintiff is out of possession, and if he has a present right to immediate possession." *Wells Fargo Bank, N.A. v. Long*, 934 A.2d 76, 79 (Pa. Super. 2007) (citation and quotation marks omitted). As this Court has explained,

[T]o prevail in an ejectment action, the plaintiff must show title at the commencement of the action and can recover, if at all, only on the strength of his own title, not because of weakness or deficiency of title in the defendant. If a plaintiff in ejectment has presented at trial *prima facie* evidence that it has title to the property at issue, the burden then shifts to the defendant, unless the plaintiff's proof necessarily defeats the plaintiff's claim of title. Conversely, if the plaintiff's claimed chain of title is faulty, the plaintiff has not shown a *prima facie* case, and the plaintiff's ejectment case fails. …

*Becker v. Wishard*, 202 A.3d 718, 722 (Pa. Super. 2019) (internal citations, quotation marks, and footnote omitted).

Here, after a bench trial, the trial court concluded G.V. Homes established its superior right of possession. *See* Trial Court Opinion, 1/24/23, at 5. After purchasing the property at the tax lien sale, G.V. Homes "acquired fee simple legal title to the Property by [Sheriff's] Deed dated January 25,

2018, and recorded in Philadelphia, Pennsylvania on February 23, 2018, in Deed Book No. 1708, Writ No. 2012, Document ID No. 53331428." ***Id.*** G.V. Homes produced the certified and recorded deed at trial, which provided *prima facie* evidence of its chain of title and right of possession. ***See id.***; ***see also*** Complaint, 8/6/19, Exhibit A (certified sheriff's deed transferring property to G.V. Homes and transfer tax certification), B (title report); N.T., 3/17/21, at 22 (wherein a copy of the certified sheriff's deed was admitted into evidence during the nonjury trial).

Upon review, we conclude the trial court's findings are supported by competent evidence. Further, we find no error in the trial court's legal conclusion that G.V. Homes offered *prima facie* evidence of its superior title to the property. ***See Dunn v. Milanovich***, 152 A. 757, 758 (Pa. 1930) ("[A] *prima facie* right is always sufficient to entitle plaintiff to recover, until and unless a better title is shown to exist in favor of the adverse party."). Our review of the transcripts from the nonjury trial also confirms that the Frempongs failed to introduce evidence to defeat G.V. Homes's claim or to otherwise establish their right to possession. Therefore, the Frempongs' claims merit no relief.

Judgment affirmed.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date: 8/23/2023*