J-S14036-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| U.S. BANK, NATIONAL ASSOCIATION, AS SUCCESSOR IN INTEREST TO BANK OF AMERICA, NATIONAL ASSOCIATION, AS TRUSTEE AS SUCCESSOR BY MERGER TO LASALLE BANK, NATIONAL ASSOCIATION AS TRUSTEE FOR CERTIFICATE-HOLDERS OF BEAR STEARNS ASSET BACKED SECURITIES 1 LLC, ASSET BACKED CERTIFICATES, SERIES 2006-HE6 | : : : : : : : : : : : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : : : : | No. 1146 WDA 2022 |
| WILLIAM O. GREENWALT, AND PATRICIA GREENWALT | : : : | |
| Appellants | | |

Appeal from the Order Entered September 1, 2022
In the Court of Common Pleas of Westmoreland County Civil Division at
No(s): No. 482 of 2022

BEFORE: PANELLA, P.J., BENDER, P.J.E., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.:                **FILED: November 9, 2023**

William O. Greenwalt and Patricia Greenwalt (Appellants) appeal from the September 1, 2022 order of the Court of Common Pleas of Westmoreland County (trial court) granting Appellee's motion for summary judgment in this ejectment action. We affirm.

---

[*] Retired Senior Judge assigned to the Superior Court.

We glean the following facts from the certified record. Following a mortgage foreclosure action instituted by Appellee, it purchased the property at 52 Circle Drive, Irwin, Pennsylvania (the Property) at a sheriff's sale in March of 2020. The deed for the sale was recorded on June 5, 2020. In December of 2021, Appellee served a notice to vacate the Property on Appellants, followed by a complaint in ejectment in February of 2022. Appellants filed a response averring that Appellee had not proven its chain of title in the Property or standing to initiate the action. In all other respects, they admitted the allegations in the complaint.

On May 26, 2022, Appellee filed a motion for summary judgment and supporting brief, which it served on Appellants. It argued that summary judgment was appropriate because it had established ownership of the Property based on the recorded deed, served Appellants a notice to vacate and filed a complaint in ejectment to which Appellants did not raise any cognizable defenses. Thus, it contended it was entitled to immediate possession of the Property.

The trial court issued a scheduling order for argument on the motion on June 6, 2022. Per local rule, Appellee was required to serve the scheduling order, along with its motion for summary judgment and brief, on Appellants within three days. *See* Westmoreland Civ. P. Rule W1035.2(a)(1)(d). Appellants filed their response to the motion for summary judgment on June 24, 2022. They argued that there was a gap in the chain of title for the

Property and that Appellee had no standing to bring the ejectment action. They also argued that the motion should be dismissed because Appellee did not serve the scheduling order or file a certificate of service in violation of the local rule. Appellee subsequently served the scheduling order on Appellants on June 27, 2022, and filed a supplemental brief in response to Appellants' arguments.

Oral argument took place as scheduled in the order on August 31, 2022. The following day, the trial court granted the motion for summary judgment and entered judgment for possession of the Property in favor of Appellee. Appellants timely appealed and they and the trial court have complied with Pa. R.A.P. 1925.[1]

Appellants raise two issues on appeal.[2] First, they contend that Appellee has not established chain of title in the Property or standing to bring the action

_____

[1] This Court's scope of review of a trial court's order granting summary judgment is plenary and we apply the same standard for summary judgment as does the trial court. [A]n appellate court may reverse a grant of summary judgment if there has been an error of law or an abuse of discretion." ***Weaver v. Lancaster Newspapers, Inc.***, 926 A.2d 899, 902–03 (Pa. 2007) (internal citations omitted). A *de novo* standard of review applies as to whether there exists an issue of material fact, as this presents a pure question of law. ***Id.***

[2] Appellants' brief fails to conform with Rule of Appellate Procedure 2119(a), requiring that the argument section be divided into as many sections as questions presented, with each section including a discussion and citation of pertinent authorities. Pa. R.A.P. 2119(a); ***see also*** Pa. R.A.P. 2116 (Statement of Questions Involved). While Appellants raise four questions presented in their brief, the argument is a single section that addresses two overarching issues identified above. Because this noncompliance with our
*(Footnote Continued Next Page)*

against them. Second, they argue that the trial court was required to dismiss the motion for summary judgment based on Appellee's failure to comply with the local rule regarding service of the scheduling order. No relief is due.

"Summary judgment is appropriate only in those cases where the record clearly demonstrates that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." ***Atcovitz v. Gulph Mills Tennis Club, Inc.***, 812 A.2d 1218, 1221 (Pa. 2002); Pa. R.C.P. No. 1035.2. When considering a motion for summary judgment, the trial court must construe all facts of record and make all reasonable inferences in the light that most favors the non-moving party. ***See Toy v. Metro. Life Ins. Co.***, 928 A.2d 186, 195 (Pa. 2007). Any question as to whether there is a genuine issue of material fact must be resolved against the moving party. ***Id.*** For the purposes of summary judgment, the record includes pleadings, depositions, answers to interrogatories, admissions, affidavits and expert reports. Pa. R. Civ. P. 1035.1, 1035.4.

In their first claim, Appellants contend that a gap in Appellee's chain of title is fatal to its ejectment claim:

> [Appellee] has a gap in the chain of title. The mortgage was originally in the name of The CIT Group/Consumer Finance and was assigned to Mortgage Electronic Registration Systems

_____

rules has not hampered our review, we decline to quash the appeal and will address the merits of the claims presented in the argument section of Appellants' brief. ***Thompson v. Thompson***, 187 A.3d 259, 263 n.1 (Pa. Super. 2018), *aff'd*, 223 A.3d 1272 (Pa. 2020).

(hereinafter known as MERS). Then [Appellee] filed the Complaint in Mortgage Foreclosure, purchased the property at Sheriff's Sale and filed the Complaint in Ejectment. No assignment was ever recorded from MERS to the Mortgage Company.

Appellants' Brief at 6. The precise basis for Appellants' argument is difficult to discern, but, citing to non-binding precedent from myriad foreign jurisdictions, they appear to argue that Appellee lacked standing to initiate the action.[3]

We have summarized the law governing ejectment actions as follows:

Ejectment is an action filed by a plaintiff who does not possess the land but has a right to possess it, against a defendant who has

_____

[3] To the extent that Appellants are arguing that Appellee lacked standing in the initial foreclosure action, they have not established a basis to collaterally attack that judgment.

An ejectment action is a proceeding collateral to that under which the land was sold. Thus, where it is claimed that the underlying default judgment is merely voidable, that claim will not be entertained because such a judgment cannot be reached collaterally. However, in an ejectment action it may be alleged that the judgment is void. A void decree can be attacked at any time. Where a judgment is void, the sheriff's sale which follows is a nullity. *A judgment is void when the court had no jurisdiction over the parties, or the subject matter, or the court had no power or authority to render the particular judgment.* A judgment which is void cannot support an ejectment action and may be asserted as a defense in the ejectment proceeding.

***Dime Sav. Bank, FSB v. Greene***, 813 A.2d 893, 895 (Pa. Super. 2002) (citations omitted; emphasis added). Challenges to standing are not jurisdictional and are waivable. ***Grimm v. Grimm***, 149 A.3d 77, 83 (Pa. Super. 2016), *disapproved of on other grounds by* ***Marion v. Bryn Mawr Tr. Co.***, 288 A.3d 76 (Pa. 2023). Appellants have offered no evidence that they challenged Appellee's standing to initiate the foreclosure action at the earliest possible time, *i.e.*, during the foreclosure proceedings. As a result, such a challenge is waived.

actual possession. Ejectment is a possessory action only, and can succeed only if the plaintiff is out of possession, and the plaintiff has a present right to immediate possession. . . .

Therefore, to prevail in an ejectment action, the plaintiff must show title at the commencement of the action and can recover, if at all, only on the strength of his own title, not because of weakness or deficiency of title in the defendant. If a plaintiff in ejectment has presented at trial *prima facie* evidence that it has title to the property at issue, the burden then shifts to the defendant, unless the plaintiff's proof necessarily defeats the plaintiff's claim of title. Conversely, if the plaintiff's claimed chain of title is faulty, the plaintiff has not shown a *prima facie* case, and the plaintiff's ejectment case fails.

*Becker v. Wishard*, 202 A.3d 718, 721-22 (Pa. Super. 2019) (citations omitted; cleaned up). "This rule places upon the plaintiff the burden of proving a prima facie title, which proof is sufficient until a better title is shown in the adverse party." *Hallman v. Turns*, 482 A.2d 1284, 1287 (Pa. Super. 1984). An acknowledged and recorded deed from a sheriff's sale establishes a right of possession for the purchaser. *See Wells Fargo Bank, N.A. v. Long*, 934 A.2d 76, 80 (Pa. Super. 2007) (collecting cases).

Here, Appellee met its burden of establishing *prima facie* evidence of its title to the Property and immediate right of possession through its properly recorded deed obtained via sheriff's sale following the mortgage foreclosure proceedings. The deed was attached to the complaint in ejectment and the motion for summary judgment. Accordingly, the burden of disproving Appellee's right of possession shifted to Appellants. *Becker*, *supra*. Appellants have not carried this burden. They provided no evidence, documentary or otherwise, of a gap in the chain of title in any of their

pleadings in the trial court. Rather, their response to Appellee's motion for summary judgment contained a bare allegation that such a gap existed. These allegations are insufficient to rebut Appellee's claim of title to the Property as established by the sheriff's deed, and the trial court did not err in concluding no genuine issue of material fact existed as to Appellee's right of possession of the Property.

Moreover, even if a gap in the chain of title existed, it is undisputed that Appellants cannot establish their own title in the Property. **Hallman**, **supra**. In their verified answer, they admitted to the allegation in Appellee's complaint that they occupy the Property "without right" and "without claim of title." **See** Answer to Complaint in Ejectment, 3/28/22, at ¶ 2; Complaint in Ejectment, 2/9/22, at ¶ 2. As a result, they cannot claim their right of possession is superior to Appellee's, as deedholder to the Property.

Next, Appellants argue that the trial court was required to dismiss Appellee's motion based on its noncompliance with local rule W1035.2(a) governing motions for summary judgment. The rule provides in relevant part:

> (d) Within three (3) days of receipt of the Scheduling Order from the judge assigned to the case, the moving party shall serve copies of the Motion for Summary Judgment, the Scheduling Order and the Brief on every other party or attorney of record.

> (e) The moving party shall file with the Prothonotary a certificate of service of the Motion, Brief and Scheduling Order. A copy of the certificate of service shall be mailed or delivered to the judge assigned to the case.

Westmoreland Civ. P. Rule W1035.2(a)(1)(d)-(e). "Failure of the moving party to comply with the requirements of this rule shall result in the dismissal of the Motion." Westmoreland Civ. P. Rule W1035.2(a)(3)(a).

Notwithstanding the mandatory nature of the language of the Rule, "[i]t is axiomatic that if a local rule conflicts with a statewide rule of procedure, the local rule is invalid." *Mariano v. Rhodes*, 270 A.3d 521, 527 (Pa. Super. 2022) (citation omitted). This Court has invalidated strict applications of local rules that conflict with Pennsylvania Rule of Civil Procedure 126, which provides that a "court at every stage of any such action or proceeding may disregard any error or defect of procedure which does not affect the substantial rights of the parties." Pa. R. Civ. P. 126; *see*, *e.g.*, *Davison v. John W. Harper, Inc.*, 493 A.2d 732, 734-35 (Pa. Super. 1985) (holding trial court erred in dismissing post-trial motions because moving party did not file accompanying order for transcripts of testimony, in violation of local rule).

In denying relief on this claim, the trial court concluded that dismissal of the motion was not warranted because Appellants were served with the scheduling order two months in advance of the argument date, filed a response to the motion prior to receiving the order, and had ample opportunity to supplement their response in advance of the hearing and at the hearing itself. Trial Court Opinion, 11/14/22, at 2-3. Appellants were not prejudiced by the late service of the scheduling order and they have offered no further argument on appeal that Appellee's noncompliance with the local rule

prejudiced them or affected their substantial rights.  *See* Pa. R. Civ. P. 126.

Accordingly, we conclude that dismissing Appellee's motion for minimal

noncompliance with the local rule would conflict with our state rules of civil

procedure.  ***See Davison***, ***supra***.  As a result, the trial court did not err in

declining to dismiss the motion on this basis.  ***Mariano***, ***supra***.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

11/9/2023