J-A05035-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| ROOSEVELT ANDERSON AND CAROLYN LESTER | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ISAAC JOHNSON | : | |
| | : | No. 1072 EDA 2025 |
| Appellant | : | |

Appeal from the Judgment Entered July 28, 2025
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s): 231202560

BEFORE: KUNSELMAN, J., NICHOLS, J., and SULLIVAN, J.

MEMORANDUM BY SULLIVAN, J.: **FILED JUNE 24, 2026**

Isaac Johnson ("Johnson") appeals from the grant of judgment in ejection to Roosevelt Anderson ("Anderson") and his daughter, Carolyn Lester ("Lester," collectively, "Anderson/Lester") removing Johnson from 5842 Filbert Street ("the property"), which David and Addie Sherron ("David," "Addie", collectively "the Sherrons"), owned as tenants by the entireties. Because we find Anderson made a *prima facie* showing of superior title at trial and Johnson presented no evidence to meet the burden of proof which had shifted to him, we affirm.

In December 2023, Anderson/Lester filed an ejectment complaint to remove Johnson from the property. Johnson filed preliminary objections, which the trial court later overruled. Johnson filed an answer and counterclaim to which Anderson/Lester responded. Johnson filed a motion for summary judgment, which the trial court denied.

At a non-jury trial in March 2025, Lester gave the following testimony: Anderson is her father and David and Addie Sherron were her grandparents. The Sherrons acquired the property as husband and wife. David died in 2009. Addie survived him and died in 2011. *See id*. at 16-17. Anderson has two siblings, Don Anderson ("Don") and Betty Anderson Hughes ("Betty"). *See* N.T., 3/25/25, at 11-12. Anderson was appointed the administrator of Addie's estate. At a family meeting, Don and Betty said they did not want ownership of the property. *See id*. at 12-13.

During her testimony, Lester identified several trial exhibits including: the deed by which the Sherrons acquired the property as husband and wife, Anderson's petition for the grant of letters to administer Addie's estate, which included Don and Betty's written renunciations of the right to administer the estate, letters appointing Anderson as the of administrator for Addie's estate, and a quitclaim deed Lester prepared conveying the property from Anderson, Addie's administrator, to Anderson and Lester. *See id*. at 14-16.

Lester also testified that no later than 2022, she and Anderson went to the property to check on it and were unable to enter. *See id*. at 17. She testified no one in the family gave Johnson permission to live in the property. Lester also testified nearly $6,000 was due in water bills for the property, for which no bill had been paid in three years, and the property also had an outstanding tax bill of approximately $5,000. *See id*. at 18-19. Lester

testified no improvements had been made to the property as of July 2024. *See id*. at 21.

Johnson's counsel called Anderson as his sole witness in his case in chief as on cross-examination. Anderson testified he is a retired pastor and does not recall if he petitioned to become Addie's administrator and listed himself, Don, and Betty as Addie's heirs. *See id*. at 28-30.[1] Anderson stated that a woman named Joyce Epps lived in the property at some time but could not recall whether that was before or after Don lived there. *See id*. at 32. Anderson stated he was not granted court authority to transfer the property into his name. *See id*. at 37.

At the conclusion of trial, the court found in favor of Anderson/Lester and granted their ejectment petition. Following the denial of his motion for reconsideration, Johnson timely appealed to this Court. The trial court ordered Johnson to file a Statement of Matters Complaint of on Appeal. In response, Johnson filed a 47-paragraph statement the trial court found failed to concisely identify the issues raised on appeal. The trial court complied with Pa.R.A.P. 1925.

On appeal, Johnson presents ten issues for this Court's review:

1. Whether the trial court erred in awarding possession of the subject property to [Anderson/Lester] where they failed to prove

---

[1] Anderson testified he knows his birthday but not his age (he was 83 at the time of trial), and sometimes has difficulty remembering things. *See id*. at 37-38.

paramount or superior title, a necessary element of an ejectment action under Pennsylvania law?

2. Whether the trial court erred in accepting as valid a deed executed by [Anderson], who lacked legal authority to convey the property in his individual capacity, and whether the transaction failed to comply with statutory requirements under 20 Pa.C.S.[A.] §§ 3356 and 6202?

3. Whether the trial court erred by refusing to strike a fraudulently recorded deed and instead relying on it in contravention of the law[,] and whether [Anderson's] conveyance to himself and his daughter was an act of unlawful self-dealing, executed without court approval, and is void *ab initio* pursuant to 20 Pa.C.S.[A.] § 3356?

4. Whether the trial court erred in finding that [Anderson/Lester] ha[ve] standing to pursue ejectment, where they failed to establish lawful title and did not obtain valid disclaimers from all heirs as required by 20 Pa.C.S.[A.] § 6202?

5. Whether the trial court's ruling, which legitimized a facially void and unlawfully executed deed in direct violation of controlling estate and fiduciary law, constitutes reversible error and abuse of discretion by resulting in manifest injustice, subverting the statutory framework governing estate administration, and unlawfully depriving rightful heirs and good-faith purchasers of their protected property rights?

6. Whether the trial court abused its discretion and violated due process by awarding the subject property to Carolyn Lester, who had no prior rights of ownership and provided no consideration, and to her father, who held at most a partial interest, thereby stripping Isaac Johnson and other rightful heirs of their property interests without notice, consent, or compensation?

7. Whether the trial court's findings of fact and conclusions of law contain material errors of law and findings against the weight of the evidence, rendering the judgment arbitrary, capricious, and legally unsustainable?

8. Whether the trial court erred and abused its discretion in disregarding binding legal principles that require heirs' consent and court approval for an administrator to transfer estate

property, where [Anderson/Lester's] evidence consisted of hearsay and facially defective documents?

9. Whether the trial court's reliance on ***Doman v. Brogan***, [592 A.2d 104 (Pa. Super. 1991)], a case addressing boundary disputes between neighboring property owners, was misplaced and inapplicable to this case, which concerns defects in title arising from noncompliant estate transfers?

10. Whether the trial court abused its discretion and violated due process by dismissing [Johnson's] motion for summary judgment at the direction of opposing counsel, based solely on an *ex parte* email communication to the court clerk?

Johnson's Brief at 3-6 (capitalization standardized, issues reordered).

Johnson's first seven issues assert multiple variations of the claim Anderson/Lester failed to prove superior title to the property to support their ejectment petition, and Anderson improperly conveyed the property to himself and Lester by quitclaim deed.

Ejectment is an action filed by a plaintiff who does not possess land but has the right to possess it, against a defendant who has actual possession. ***See Becker v. Wishard***, 202 A.3d 718, 721-22 (Pa. Super. 2019). An ejectment action determines rights only as between the plaintiff and the defendant. ***Id***.[2] A plaintiff in ejectment must show title at the commencement of the action "and can recover, if at all, only on the strength of his own title, not because of weakness or deficiency of title in the defendant." ***Id***., quoting ***Hallman v. Turns***, 482 A.2d 1284, 1287 (Pa. Super. 1984). When a plaintiff

_____

[2] By contrast, a quiet title action determines the relative and respective rights of all potential title holders. ***See id***.

at trial presents *prima facie* evidence of title, the burden shifts to the defendant. ***See Becker***, 202 A.3d at 722. When a plaintiff's claim of title is faulty, his ejectment case fails. ***See id***. (citations omitted).

A quitclaim deed conveys the interest of the grantor, whatever that interest or title may be, at the time of its execution, rather than the property itself. A quitclaim deed does not obligate the grantor – if he has no interest, none is conveyed. "It is as though the grantor 'quits' making any 'claim' to the property, and gives the grantee the right to assert that claim." ***Grant v. Grant***, 341 A.3d 685, 696 (Pa. 2025).

Johnson asserts Anderson/Lester provided no proof Anderson was authorized to convey the property from Addie's estate to himself and Lester. ***See*** Johnson's Brief at 24-27. Johnson alleges that pursuant to 20 Pa.C.S.A. § 3356, Purchase by Personal Representative, Anderson was required to obtain the Orphans' Court's approval and give notice to all parties in interest prior to conveying estate property to himself and Lester. ***See*** Johnson's Brief at 27-29. Johnson further asserts David devised the property to people other than Addie's children in his will, and he had an informal agreement with Lester's step-aunt, Joyce Ann White, to purchase the property.[3]

_____

[3] A significant portion of Johnson's claim depends on his assertions he "bore the financial responsibility of preserving the property[]," Johnson's Brief at 27, and he "lawfully purchased the property from the only court-appointed fiduciary with authority to convey it, and . . . invested substantial funds in satisfying delinquent property taxes and performing necessary repairs." *(Footnote Continued Next Page)*

The trial court determined Anderson and Lester are directly related to Addie, the quitclaim deed was devised by Addie's family and heirs and recorded, Anderson/Lester filed a Real Estate Tax Certification, and the chain of title passed to Anderson/Lester via the quitclaim deed from Addie in accordance with the wishes of the heirs. Accordingly, the court reasoned, the property was not conveyed on a mere verbal agreement, and no evidence of improper self-dealing exists. The court concluded Anderson/Lester had paramount title, were out of possession, and were entitled to immediate possession of the property as against Johnson. *See* Trial Court Opinion, 7/10/25, at 3-4. Regarding Joyce Ann White ("White"), the trial court found David and Addie owned the property as husband and wife and David predeceased Addie, defeating David's ability to devise the property away from Addie. Thus, to the extent Johnson alleged in pre-trial pleadings he had an informal agreement with White concerning the property, White had neither a legal interest in the property nor authority to transfer it, and, in any event, Johnson produced no agreement by which White purported to transfer the property to him. *See* Trial Court Opinion, 7/10/25, at 4-5.

The trial court did not err by granting ejectment. Although the quitclaim deed did not convey the property, it conveyed Anderson's interest or title and

_____

Johnson's Brief at 38-41. Johnson produced no evidence at trial to support his appellate assertions. We admonish counsel not to make repeated assertions of fact without record support, as she does in her brief and did at oral argument.

- 7 -

constituted *prima facie* evidence of Anderson's (and Carolyn's) title to the property.[4] With the quitclaim deed in evidence, the burden shifted to Johnson to present evidence of his superior title. We agree with the trial court that he did not. Notwithstanding Johnson's counsel's contrary assertions at oral argument, the only evidence Johnson offered at trial was Anderson's testimony as on cross-examination and no part of that testimony established Johnson had any claim of title to the property. As between Anderson and Johnson, Anderson had superior title. Johnson's claim therefore lacks merit. *See Becker*, 202 A.3d at 722.[5]

Johnson's next claim asserts the trial court improperly cited *Doman v. Brogan*, 592 A.2d 104 (Pa. Super. 1991), which he asserts is factually distinguishable from this case. *See* Johnson's Brief at 42-44. The trial court cited *Doman* only to list the factors a party seeking ejectment must demonstrate. *See* Trial Court Opinion, 7/10/25, at 4-5. The Court has repeatedly listed those factors and did so in *Becker*, 202 A.3d at 721-22.

---

[4] Notably this was not a quiet title action. Additionally, we focus on Anderson's title and do not concern ourselves with Lester's title, which is not dispositive of this appeal.

[5] Even if we were to invalidate the quitclaim deed as Johnson claims we must, that action would not affect our decision; it would result in the recognition Anderson, Don, and Betty, Addie's heirs, have title to the property because any part of an estate not disposed of by will passes to heirs when a person dies intestate. *See* 20 Pa.C.S.A. §§ 2101, 2103(a)(1), 2104(2). Here, Addie died intestate and her heirs are her children, who, Ms. Lester testified, are Anderson, Don, and Betty. Anderson would thus have superior title to Johnson even if the quitclaim deed were invalid.

Accordingly, there is no basis for Johnson's claim the court improperly cited *Doman*.

Johnson's final issue asserts the trial court violated his right to due process of law by dismissing his motions for summary judgment and consolidation based on an *ex parte* communication with Anderson/Lester's counsel: *i.e.*, an email response in which Anderson/Lester's counsel referred to the motions as "frivolous." **See** Johnson's Brief at 46-47.

The trial court states Johnson's summary judgment and consolidation motions were properly denied by another court of coordinate jurisdiction because they were filed out of time and would have delayed the trial. **See** Trial Court Opinion, 7/10/25, at 6.

Johnson offers no basis to show the trial court denied his motions based on opposing counsel's alleged characterizations of them, rather than for the reasons the trial court cited. Accordingly, he presents no basis to conclude the trial court improperly denied his motions. Thus, this final claim lacks merit.

Judgment affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 6/24/2026